Akard S. BEALL, Petitioner,

v.

Honorable George W. STRAKE, Jr.,
Secretary of State, State of Texas
et al., Respondents.

No. 13302.

Court of Civil Appeals of Texas,
Austin.

July 2, 1980.

Allan R. Lazor and David D. Peden, Jr., Richie & Greenberg, Houston, for petitioner.

Mark White, Atty. Gen., Catherine Fryer, Asst. Atty. Gen., Austin, for respondents.

SMITH, Justice.

This is an original proceeding filed in this Court by petitioner, Akard S. Beall, to enjoin the Honorable George W. Strake, Jr., Secretary of State of the State of Texas, from filing articles of dissolution submitted by West Knoll Townhouses, Inc., and from issuing a certificate of dissolution to the corporation.

West Knoll Townhouses, Inc., was incorporated in Texas in 1970. Nona H. Babbitt and A. E. Babbitt are the owners of record of 51% and 49%, respectively, of the outstanding stock in the corporation. In 1973, after a period of financial difficulty, petitioner, Akard S. Beall, and one, Dr. George W. Graham, acquired title to the townhouse project. However, ownership of the corporate stock remained in Nona H. Babbitt and A. E. Babbitt.

In 1978, suit was brought in the 234th District Court of Harris County by one, Doris Y. Babbitt, against Nona H. Babbitt upon a promissory note. Subsequently, a judgment by default was entered, and the stock certificates evidencing ownership of 51% of the West Knoll stock were levied upon pursuant to a writ of execution. Petitioner then purchased the stock at a sheriff's sale. However, after the stock had been levied upon but before its purchase by Beall, Nona H. Babbitt and A. E. Babbitt executed a stockholder's consent to dissolve the corporation. At present, a dispute continues to exist over the validity of the shareholder's consent to dissolve.

In addition, there is now pending before the 85th District Court of Brazos County a suit by West Knoll and its two stockholders against Akard S. Beall and Dr. George W. Graham over certain matters pertaining to construction, rental and management of the project. The defendants in that suit have counterclaimed for damages amounting to some $250,000.

In November, 1979, suit was brought in the 126th District Court of Travis County to enjoin the Secretary of State from filing the articles of dissolution filed by Nona H. Babbitt and A. E. Babbitt. Petitioner asserted that, if those articles were filed and a certificate of dissolution was issued, "No provision would be made for petitioner's counterclaim in the Brazos County suit and

the law with respect to the dissolution of corporations would not be complied with." The Secretary of State filed a motion for summary judgment alleging that the district court did not have jurisdiction to enjoin him from performing his statutory ministerial duties. The district court granted the summary judgment and denied the injunction.

Petitioner then filed an original proceeding in this Court asking for an injunction to preserve the subject matter of its appeal from the 126th District Court. He argues that the appeal would be mooted by the filing of the articles of dissolution by the Secretary of State. We agree and will grant the injunction.

A court of civil appeals may issue writs necessary to protect its jurisdiction by preserving the subject matter of the appeal pending a hearing on the appeal. Tex.Rev. Civ.Stat.Ann. art. 1823 (1964); *Nelson v. Blanco Independent School District*, 386 S.W.2d 636 (Tex.Civ.App.—Austin 1965, writ ref'd n. r. e.); *Dawson v. First National Bank of Troup*, 417 S.W.2d 652 (Tex.Civ. App.—Tyler 1967, no writ).

If the effect of the district court's refusal to issue the injunction would only result in damages or inconvenience to petitioner, leaving the subject matter of the appeal in such a condition that the judgment of this Court could effectively operate thereon, then this Court would be without jurisdiction to grant such relief because its jurisdiction over the subject matter of the appeal would not be invaded. However, if the effect of the refusal to issue the injunction is to destroy the subject matter of the appeal, and thereby prevent the effective operation of any judgment this Court might render, the jurisdiction of this Court would be unlawfully invaded and the power to issue the writ properly rests in this Court. *Madison v. Martinez*, 42 S.W.2d 84 (Tex.Civ. App.—Dallas 1931, writ ref'd); State Bar of Texas, *Appellate Procedure in Texas* § 1.8(1)(d) (1979).

In order to protect our jurisdiction and preserve the subject matter of the litigation, the Secretary of State must be enjoined from issuing a certificate of dissolution to West Knoll Townhouses, Inc., pending final disposition by this Court of the appeal from the 126th District Court of Travis County.

We assume that the Secretary of State will comply with the order of this Court without the necessity for the issuance of a writ. A writ of injunction will issue only if the Secretary of State fails to comply with this order.

Nothing done hereby or written herein should be construed as an expression by this Court upon the merits of the appeal.

Injunction Granted.