TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00029-CV







In re Texas Association of Sports Officials







ORIGINAL PROCEEDING FROM TRAVIS COUNTY





M E M O R A N D U M O P I N I O N


 Relator Texas Association of Sports Officials ("TASO") filed a petition for writ of
injunction and motion for emergency temporary relief, seeking to extend the temporary restraining
order in place in the trial court during the pendency of an interlocutory appeal filed by the real party
in interest, the University Interscholastic League ("the UIL"). (1)

 TASO filed suit against the UIL, seeking declaratory and injunctive relief prohibiting
the UIL from implementing its plan to begin regulating the officiating of high school varsity sports
in Texas. On January 13, 2010, the trial court held a hearing on TASO's application for a temporary
restraining order and, after hearing argument from both parties, granted the temporary restraining
order. The temporary restraining order was set to expire on January 27, but was later extended to
February 10 by agreement of the parties. 

 On January 22, the UIL filed a plea to the jurisdiction asserting sovereign immunity,
which the trial court denied. The UIL then filed a notice of interlocutory appeal pursuant to
section 51.014 of the civil practice and remedies code. See Tex. Civ. Prac. & Rem. Code
Ann. § 51.014(a)(8) (West 2008) (allowing interlocutory appeals from orders denying plea to
jurisdiction filed by governmental unit). An interlocutory appeal under section 51.014(a)(8) "stays
all other proceedings in the trial court pending resolution of that appeal." Id. § 51.014(b). That
appeal is currently pending in this Court as cause number 03-10-00030-CV.

 According to TASO, the stay triggered by the UIL's interlocutory appeal prevents the
trial court from extending the temporary restraining order, so that once the order expires on February
10, 2010, the UIL will be free to implement its plan to regulate sports officials, thereby rendering
moot the underlying suit and the UIL's appeal. TASO seeks a writ of injunction incorporating the
terms of the temporary restraining order currently in place, pending resolution of the UIL's
interlocutory appeal.

 This Court has authority to issue writs of injunction if necessary to enforce its own
jurisdiction. See Tex. Gov't Code Ann. § 22.221(a) (West 2004) ("Each court of appeals . . . may
issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court."). 
This authority extends to the issuance of writs necessary to preserve the subject matter of an appeal. 
See Beall v. Strake, 602 S.W.2d 394, 395 (Tex. Civ. App.--Austin 1980, orig. proceeding) (holding
that court of appeals may issue writ of injunction if lack of injunction would "destroy the subject
matter of the appeal, and thereby prevent the effective operation of any judgment this Court
might render"). 

 Here, the subject matter of the appeal is the independent status of TASO, as an
organization regulating sports officials in Texas. According to TASO, if the UIL implements its plan
to regulate the profession, including requiring all sports officials to register with and pay fees to the
UIL in order to officiate varsity games, TASO will cease to exist as an independent regulatory
organization. Furthermore, as TASO points out, sporting events at which TASO officials seek to
officiate will have already occurred. In order to officiate at these events, TASO members will be
forced to submit to the UIL's regulatory authority, the authority being challenged in the
underlying suit. 

 We agree that the terms of the temporary restraining order must remain in effect
pending resolution of the UIL's interlocutory appeal in order to preserve the subject matter of the
underlying suit and enforce our jurisdiction over the interlocutory appeal. The petition for writ of
injunction is hereby granted. 

 It is the order of this Court that pending the disposition of the appeal in cause number
03-10-00030-CV or further order of this Court, the UIL and any persons or entities acting in
connection herewith are enjoined from (1) enforcing, implementing, or taking any action to
effectuate the adoption of the November 6, 2009 changes to the UIL's Rule 1204, with the exception
of any further meeting of the legislative counsel to revise or amend the rule; (2) taking any action
seeking to compel, coerce or encourage any person not to register with TASO as a sports official or
to register with the UIL in lieu of registering with TASO as a sports official; and (3) charging or
collecting any fee, tax, or other revenue directly from any current TASO sports official as a condition
of engaging in the officiating profession. The Clerk of this Court is directed to issue the writ of
injunction. No bond is required as a condition to the issuance of this injunction, as the $100 bond
deemed sufficient by the trial court in granting the temporary restraining order remains in effect. 



 ___________________________________________

 Diane M. Henson, Justice

Before Justices Patterson, Puryear and Henson

Filed: February 5, 2010


1. At the Court's request, the UIL filed a response in opposition to TASO's petition for writ
of injunction and motion for emergency relief.