# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00029-CV

### In re Texas Association of Sports Officials

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Texas Association of Sports Officials ("TASO") filed a petition for writ of injunction and motion for emergency temporary relief, seeking to extend the temporary restraining order in place in the trial court during the pendency of an interlocutory appeal filed by the real party in interest, the University Interscholastic League ("the UIL").[1]

TASO filed suit against the UIL, seeking declaratory and injunctive relief prohibiting the UIL from implementing its plan to begin regulating the officiating of high school varsity sports in Texas. On January 13, 2010, the trial court held a hearing on TASO's application for a temporary restraining order and, after hearing argument from both parties, granted the temporary restraining order. The temporary restraining order was set to expire on January 27, but was later extended to February 10 by agreement of the parties.

---

[1] At the Court's request, the UIL filed a response in opposition to TASO's petition for writ of injunction and motion for emergency relief.

On January 22, the UIL filed a plea to the jurisdiction asserting sovereign immunity, which the trial court denied. The UIL then filed a notice of interlocutory appeal pursuant to section 51.014 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West 2008) (allowing interlocutory appeals from orders denying plea to jurisdiction filed by governmental unit). An interlocutory appeal under section 51.014(a)(8) "stays all other proceedings in the trial court pending resolution of that appeal." *Id.* § 51.014(b). That appeal is currently pending in this Court as cause number 03-10-00030-CV.

According to TASO, the stay triggered by the UIL's interlocutory appeal prevents the trial court from extending the temporary restraining order, so that once the order expires on February 10, 2010, the UIL will be free to implement its plan to regulate sports officials, thereby rendering moot the underlying suit and the UIL's appeal. TASO seeks a writ of injunction incorporating the terms of the temporary restraining order currently in place, pending resolution of the UIL's interlocutory appeal.

This Court has authority to issue writs of injunction if necessary to enforce its own jurisdiction. *See* Tex. Gov't Code Ann. § 22.221(a) (West 2004) ("Each court of appeals . . . may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court."). This authority extends to the issuance of writs necessary to preserve the subject matter of an appeal. *See Beall v. Strake*, 602 S.W.2d 394, 395 (Tex. Civ. App.—Austin 1980, orig. proceeding) (holding that court of appeals may issue writ of injunction if lack of injunction would "destroy the subject matter of the appeal, and thereby prevent the effective operation of any judgment this Court might render").

2

Here, the subject matter of the appeal is the independent status of TASO, as an organization regulating sports officials in Texas. According to TASO, if the UIL implements its plan to regulate the profession, including requiring all sports officials to register with and pay fees to the UIL in order to officiate varsity games, TASO will cease to exist as an independent regulatory organization. Furthermore, as TASO points out, sporting events at which TASO officials seek to officiate will have already occurred. In order to officiate at these events, TASO members wil be forced to submit to the UIL's regulatory authority, the authority being challenged in the underlying suit.

We agree that the terms of the temporary restraining order must remain in effect pending resolution of the UIL's interlocutory appeal in order to preserve the subject matter of the underlying suit and enforce our jurisdiction over the interlocutory appeal. The petition for writ of injunction is hereby granted.

It is the order of this Court that pending the disposition of the appeal in cause number 03-10-00030-CV or further order of this Court, the UIL and any persons or entities acting in connection herewith are enjoined from (1) enforcing, implementing, or taking any action to effectuate the adoption of the November 6, 2009 changes to the UIL's Rule 1204, with the exception of any further meeting of the legislative counsel to revise or amend the rule; (2) taking any action seeking to compel, coerce or encourage any person not to register with TASO as a sports official or to register with the UIL in lieu of registering with TASO as a sports official; and (3) charging or collecting any fee, tax, or other revenue directly from any current TASO sports official as a condition of engaging in the officiating profession. The Clerk of this Court is directed to issue the writ of

3

injunction.  No bond is required as a condition to the issuance of this injunction, as the $100 bond

deemed sufficient by the trial court in granting the temporary restraining order remains in effect.


_____

Diane M. Henson, Justice

Before Justices Patterson, Puryear and Henson

Filed:   February 5, 2010

4