# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00269-CV

### In re Texas Association of Sports Officials

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Texas Association of Sports Officials ("TASO") filed a petition for writ of injunction and motion for emergency temporary relief, seeking to preserve the subject matter of an interlocutory appeal filed by the real parties in interest, Charles Breithaupt, in his official capacity as Executive Director of the University Interscholastic League, Tony Timmons, in his official capacity as Director of the Sports Officials Program of the University Interscholastic League, and Rick Reedy, Curtis Culwell, Greg Poole, and Mark Henry, in their official capacities as members of the University Interscholastic League Legislative Council. We will refer to the real parties in interest collectively as "the UIL."[1]

TASO filed suit against the UIL, seeking declaratory and injunctive relief prohibiting the UIL from implementing its plan to begin regulating Texas sports officials through its newly

---

[1] *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 (Tex. 2009) (stating that suits against state actors in their official capacity are "for all practical purposes, against the state"); *see also Brandon v. Holt*, 469 U.S. 464, 471 (1985) (observing that "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents").

created Sports Officials Department and requiring all Texas sports officials to register and affiliate with the UIL. The trial court granted TASO's application for a temporary restraining order on April 21, 2011, issuing an order that restrained the UIL from (1) enforcing, implementing or taking any action to effectuate the registration requirement; (2) taking any action seeking to compel, coerce or encourage any chapter that was a TASO affiliated chapter during the 2010-2011 school year to affiliate with the UIL; and (3) affiliating any sports official chapter with the UIL that was not a sports official chapter affiliated with the UIL during the 2010-2011 school year. The temporary restraining order expired by its own terms on May 5, 2011.

The UIL filed a plea to the jurisdiction on the basis of standing and sovereign immunity. The trial court denied the UIL's plea to the jurisdiction on April 25, 2011. On April 28, the UIL filed a notice of interlocutory appeal pursuant to section 51.014 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West 2008) (allowing interlocutory appeal from order denying plea to jurisdiction filed by governmental unit). An interlocutory appeal under section 51.014(a)(8) "stays all other proceedings in the trial court pending resolution of that appeal." *Id.* § 51.014(b). That appeal is currently pending in this Court as cause number 03-11-00265-CV.

According to TASO, the stay triggered by the UIL's interlocutory appeal allows the UIL to move forward with its plan to take over the regulation of Texas sports officials, thereby rendering moot the underlying suit and the interlocutory appeal. TASO seeks a writ of injunction

2

incorporating the terms of the temporary restraining order pending resolution of the UIL's interlocutory appeal.[2]

This Court has authority to issue writs of injunction if necessary to enforce its own jurisdiction. *See* Tex. Gov't Code Ann. § 22.221(a) (West 2004) ("Each court of appeals . . . may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court."). This authority extends to the issuance of writs necessary to preserve the subject matter of an appeal. *See Beall v. Strake*, 602 S.W.2d 394, 395 (Tex. Civ. App.—Austin 1980, orig. proceeding) (holding that court of appeals may issue writ of injunction if lack of injunction would "destroy the subject matter of the appeal, and thereby prevent the effective operation of any judgment this Court might render").

Here, the subject matter of the appeal is the independent status of TASO as an organization regulating sports officials in Texas. According to TASO, if the UIL implements its plan to regulate the profession, including requiring sports officials to register and affiliate with the UIL in lieu of TASO, TASO will cease to exist as an independent regulatory organization. TASO members will be forced to submit to the authority of the UIL, which is being challenged in the underlying suit.

---

[2] In its response to TASO's motion for emergency relief and petition for writ of injunction, the UIL takes the position that the petition improperly seeks to enjoin the UIL itself, as opposed to its officials acting in their official capacities. TASO's pleadings in the trial court, which are included in the appendix to TASO's petition for writ of injunction, use "the UIL" as a defined term to refer to the defendant officials in their official capacities. We construe TASO's petition to do so as well. As previously stated, this opinion also uses "the UIL" as a defined term to refer to the UIL officials in their official capacities.

We agree that emergency injunctive relief is necessary to preserve the subject matter of the underlying suit and enforce our jurisdiction over the interlocutory appeal. The petition for writ of injunction is hereby granted.

It is the order of this Court that pending the disposition of the appeal in cause number 03-11-00265-CV or further order of this Court, Charles Breithaupt, in his official capacity as Executive Director of the University Interscholastic League, Tony Timmons, in his official capacity as Director of the Sports Officials Program of the University Interscholastic League, and Rick Reedy, Curtis Culwell, Greg Poole, and Mark Henry, in their official capacities as members of the University Interscholastic League Legislative Council, and any other persons or entities acting in connection with the University Interscholastic League, are enjoined from (1) enforcing, implementing, or taking any action to effectuate the registration requirement imposed by amended University Interscholastic League Rule 1204; and (2) taking any action seeking to compel, coerce or influence any chapter that was a TASO affiliated chapter during the 2010-2011 school year to affiliate with the University Interscholastic League. The Clerk of this Court is directed to issue the writ of injunction. No additional bond is required as a condition to the issuance of this injunction, assuming the $100 bond deemed sufficient by the trial court in granting the temporary restraining order remains on deposit with the court.

_____

Diane M. Henson, Justice

Before Justices Puryear, Henson and Goodwin

Filed: May 6, 2011

4