TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00269-CV







In re Texas Association of Sports Officials







ORIGINAL PROCEEDING FROM TRAVIS COUNTY





M E M O R A N D U M O P I N I O N


 Relator Texas Association of Sports Officials ("TASO") filed a petition for writ of
injunction and motion for emergency temporary relief, seeking to preserve the subject matter of an
interlocutory appeal filed by the real parties in interest, Charles Breithaupt, in his official capacity
as Executive Director of the University Interscholastic League, Tony Timmons, in his official
capacity as Director of the Sports Officials Program of the University Interscholastic League, and
Rick Reedy, Curtis Culwell, Greg Poole, and Mark Henry, in their official capacities as members
of the University Interscholastic League Legislative Council. We will refer to the real parties in
interest collectively as "the UIL." (1) 

 TASO filed suit against the UIL, seeking declaratory and injunctive relief prohibiting
the UIL from implementing its plan to begin regulating Texas sports officials through its newly
created Sports Officials Department and requiring all Texas sports officials to register and affiliate
with the UIL. The trial court granted TASO's application for a temporary restraining order on April
21, 2011, issuing an order that restrained the UIL from (1) enforcing, implementing or taking any
action to effectuate the registration requirement; (2) taking any action seeking to compel, coerce or
encourage any chapter that was a TASO affiliated chapter during the 2010-2011 school year to
affiliate with the UIL; and (3) affiliating any sports official chapter with the UIL that was not a sports
official chapter affiliated with the UIL during the 2010-2011 school year. The temporary restraining
order expired by its own terms on May 5, 2011. 

 The UIL filed a plea to the jurisdiction on the basis of standing and sovereign
immunity. The trial court denied the UIL's plea to the jurisdiction on April 25, 2011. On April 28,
the UIL filed a notice of interlocutory appeal pursuant to section 51.014 of the civil practice and
remedies code. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West 2008) (allowing
interlocutory appeal from order denying plea to jurisdiction filed by governmental unit). An
interlocutory appeal under section 51.014(a)(8) "stays all other proceedings in the trial court pending
resolution of that appeal." Id. § 51.014(b). That appeal is currently pending in this Court as cause
number 03-11-00265-CV.

 According to TASO, the stay triggered by the UIL's interlocutory appeal allows the
UIL to move forward with its plan to take over the regulation of Texas sports officials, thereby
rendering moot the underlying suit and the interlocutory appeal. TASO seeks a writ of injunction
incorporating the terms of the temporary restraining order pending resolution of the UIL's
interlocutory appeal. (2)

 This Court has authority to issue writs of injunction if necessary to enforce its own
jurisdiction. See Tex. Gov't Code Ann. § 22.221(a) (West 2004) ("Each court of appeals . . . may
issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court."). 
This authority extends to the issuance of writs necessary to preserve the subject matter of an appeal. 
See Beall v. Strake, 602 S.W.2d 394, 395 (Tex. Civ. App.--Austin 1980, orig. proceeding) (holding
that court of appeals may issue writ of injunction if lack of injunction would "destroy the subject
matter of the appeal, and thereby prevent the effective operation of any judgment this Court might
render"). 

 Here, the subject matter of the appeal is the independent status of TASO as an
organization regulating sports officials in Texas. According to TASO, if the UIL implements its plan
to regulate the profession, including requiring sports officials to register and affiliate with the UIL
in lieu of TASO, TASO will cease to exist as an independent regulatory organization. TASO
members will be forced to submit to the authority of the UIL, which is being challenged in the
underlying suit. 

 We agree that emergency injunctive relief is necessary to preserve the subject matter
of the underlying suit and enforce our jurisdiction over the interlocutory appeal. The petition for writ
of injunction is hereby granted. 

 It is the order of this Court that pending the disposition of the appeal in cause number
03-11-00265-CV or further order of this Court, Charles Breithaupt, in his official capacity as
Executive Director of the University Interscholastic League, Tony Timmons, in his official capacity
as Director of the Sports Officials Program of the University Interscholastic League, and Rick Reedy,
Curtis Culwell, Greg Poole, and Mark Henry, in their official capacities as members of the
University Interscholastic League Legislative Council, and any other persons or entities acting in
connection with the University Interscholastic League, are enjoined from (1) enforcing,
implementing, or taking any action to effectuate the registration requirement imposed by amended
University Interscholastic League Rule 1204; and (2) taking any action seeking to compel, coerce
or influence any chapter that was a TASO affiliated chapter during the 2010-2011 school year to
affiliate with the University Interscholastic League. The Clerk of this Court is directed to issue the
writ of injunction. No additional bond is required as a condition to the issuance of this injunction,
assuming the $100 bond deemed sufficient by the trial court in granting the temporary restraining
order remains on deposit with the court. 


 ___________________________________________

 Diane M. Henson, Justice

Before Justices Puryear, Henson and Goodwin

Filed: May 6, 2011
1. See City of El Paso v. Heinrich, 284 S.W.3d 366, 373 (Tex. 2009) (stating that suits against
state actors in their official capacity are "for all practical purposes, against the state"); see also
Brandon v. Holt, 469 U.S. 464, 471 (1985) (observing that "a judgment against a public servant 'in
his official capacity' imposes liability on the entity that he represents").
2. In its response to TASO's motion for emergency relief and petition for writ of injunction,
the UIL takes the position that the petition improperly seeks to enjoin the UIL itself, as opposed to
its officials acting in their official capacities. TASO's pleadings in the trial court, which are included
in the appendix to TASO's petition for writ of injunction, use "the UIL" as a defined term to refer
to the defendant officials in their official capacities. We construe TASO's petition to do so as well. 
As previously stated, this opinion also uses "the UIL" as a defined term to refer to the UIL officials
in their official capacities.