**LAMAR BUILDERS, INC., Appellant,**

v.

**GUARDIAN SAVINGS & LOAN ASSOCIATION, Appellee.**

No. 01–90–00092–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 26, 1990.

Maurice Bresenhan, Jr., Douglas L. Anderson, Campbell, Zukowski & Bresenhan, Houston, for appellant.

Scott Hogarty, Janet Militello, Liddell, Sapp, Zivley, Hill & Laboon, Houston, for appellee.

Before EVANS, C.J., and DUGGAN and MIRABAL, JJ.

## ORDER

EVANS, Chief Justice.

Appellant, Lamar Builders, Inc., asks this Court to stay presentment of letters of credit, which are the subject of an appeal from the denial of a temporary injunction pending before this Court. Lamar claims that if appellee, Guardian Savings & Loan Association, is not enjoined from presenting the disputed letters of credit, this Court shall be deprived of jurisdiction of the underlying appeal because it will be moot.

On February 6, 1990, this Court granted appellant's motion for a temporary order enjoining presentation of letters of credit and ordered appellee to file a response, which it has done. We now determine whether to extend the temporary stay order until disposition of the appeal.

■ While an appeal from an order denying interlocutory relief may not be suspended by the filing of a supersedeas bond, TEX.R.APP.P. 43(a), this Court has authority under rule 43(c), to issue such temporary orders as it finds necessary to preserve the rights of the parties until disposition of the appeal and may require such security as it deems appropriate. TEX.R.APP.P. 43(c).

■ Therefore, the two issues generally before a court of appeals in determining whether to extend its temporary order enjoining presentation of letters of credit are:

1. Is it necessary to preserve the rights of the parties pending disposition of the appeal of the denial of the temporary injunction that we enjoin presentation of the letters of credit?
2. If an injunction is necessary, what is an appropriate security?

■ In this case, appellant's motion and supporting evidence do not provide a sufficient basis to make these determinations. Rule 43(c) allows for temporary orders in an appeal from a temporary order without the necessity of filing an original proceeding. Therefore, there is no necessity for a movant under rule 43 to follow the formal procedural prerequisites of TEX.R.APP.P. 121, the rule governing original proceedings for writs of mandamus, prohibi-

tion, and injunction. Nevertheless, logic dictates that to obtain temporary orders under rule 43, a movant must make a clear showing that it is entitled to relief. The relief a movant seeks under rule 43 is analogous to an injunction to protect our jurisdiction as provided for in TEX.GOV'T CODE ANN. § 22.221 (Vernon 1988) and by TEX.R.APP.P. 121. *See Reyes v. Atkins*, 619 S.W.2d 26 (Tex.Civ.App.—Fort Worth 1981, orig. proceeding) (when an original petition for writ of injunction is brought pending the appeal of the trial court's denial of a temporary injunction, the court may issue a writ of injunction to protect its jurisdiction over the appeal); *see also EMW Mfg. Co. v. Lemons*, 724 S.W.2d 425 (Tex.App.—Fort Worth 1987, orig. proceeding). The movant seeking a temporary order pending disposition of an interlocutory appeal should meet the same standards for presentation of the motion and evidence under rule 43 as a relator seeking relief through an original proceeding under rule 121. Rule 121(a)(2)(C) requires that the petition set forth in a concise and positive manner all facts that are necessary to establish a relator's right to the relief sought, and that a certified or sworn copy of the order complained of, and other relevant exhibits, should accompany it. The petition shall state the relief sought and the basis for the relief, as well as the compelling circumstances which establish the necessity for the writ to issue, TEX.R.APP.P. 121(a)(2)(D), and the petition shall contain an affidavit verifying the truth of all factual allegations, TEX.R.APP.P. 121(a)(2)(F). Similarly, TEX.R.APP.P. 19(d) provides that motions dependent on facts not apparent in the record, and not ex officio known to the court, must be supported by affidavits or other satisfactory evidence.

We hold that in order to obtain injunctive relief under TEX.R.APP.P. 43(c), a movant must state the relief sought and the basis for the relief, as well as the compelling circumstances which establish the necessity for the injunction to issue; that the motion must set forth in a concise and positive manner all the facts that are necessary to establish a right to the relief sought; that the motion should be accom-panied by a certified or sworn copy of the trial court's order (unless it is already on file in the transcript of the appeal); that the motion contain an affidavit verifying the truth of all factual allegations; and that the motion must be accompanied by certified or sworn copies of relevant exhibits unless they have been filed in the appellate record.

The need for sufficient pleadings and a record on which to base our determination is particularly important in this case because it involves letters of credit, which enjoy a special protection to assure their commercial vitality. *See Philipp Bros., Inc. v. Oil Country Specialists, Ltd.*, 787 S.W.2d 38 (1990). Indeed, the presentment of letters of credit may not be enjoined unless there is a showing of fraud by the beneficiary. *Id.;* TEX.BUS. & COM.CODE ANN. § 5.114(b)(2) (Vernon Supp.1990). The nature of the fraud defined in this section is:

> The situation of fraud in which the wrongdoing of the beneficiary has so vitiated the entire transaction that the legitimate purpose of the independence of the issuer's obligation would no longer be served.

*Philipp Bros., Inc. v. Oil Country Specialists, Ltd.*, 787 S.W.2d at 40.

Enjoining the presentation of the letters of credit may be appropriate to preserve the rights of the parties pending disposition of the underlying appeal from the denial of the temporary injunction. *See CKB & Assoc., Inc. v. Moore McCormack Petroleum, Inc.*, 734 S.W.2d 653, 656 (Tex. 1987). However, this Court may not subvert the general rule against enjoining presentment of a letter of credit unless the movant makes sufficient allegations of fraud, supported by evidence, to invoke this court's authority to issue temporary orders under Rule 43(c).

In our case, the motion fails to set forth in a concise and positive manner all the facts necessary to establish a right to the relief sought. The appellate record has not yet been filed. The only evidence attached to the motion is an affidavit from

the vice-president of Lamar, copies of the letters of credit, and a copy of the order denying the injunctive relief. The affidavit of Lamar's vice-president, which is attached to the motion, was also attached to plaintiff's original petition filed in the trial court. The affidavit essentially sets forth the vice-president's allegations that the defendants/appellees violated the agreement on which this suit is based. Lamar's motion and affidavit do not claim or present facts demonstrating fraud, as defined in section 5.114(b)(2), sufficient to enjoin presentment.

We hold that movant's motion fails to provide the showing required for the requested relief to be granted.

Accordingly, we vacate our order temporarily staying presentment of the letters of credit and deny appellant's request for temporary injunction.