**Josue TERAN, M.D., Relator,**

**v.**

**The Honorable Rogelio VALDEZ, Judge of the 357th District Court of Cameron County, Texas, Respondent.**

**Josue TERAN, M.D., and Ira Doneson, M.D., Appellants,**

**v.**

**Joe O. HINOJOSA, Independent Administrator of the Estate of Guadalupe Hinojosa, Deceased, et al., Appellees.**

**Nos. 13-96-243-CV, 13-96-244-CV.**

Court of Appeals of Texas, Corpus Christi.

July 11, 1996.

---

Melodie Elizabeth Krane, Asst. Atty. Gen., Austin, for Relator in No. 13-96-243-CV.

James R. Goza, Brownsville, Linda Lee Noecker, R. Jo Reser, Jenkens & Gilchrist, San Antonio, for Real Parties in Interest in No. 13-96-243-CV.

R. Jo Reser, Linda Lee Noecker, Brian D. Metcalf, Jenkens & Gilchrist, San Antonio, Melodie Elizabeth Krane, Asst. Atty. Gen., Austin, for Appellant in No. 13-96-244-CV.

James R. Goza, Brownsville, for Appellee in No. 13-96-244-CV.

Before YANEZ, CHAVEZ and RODRIGUEZ, JJ.

## OPINION

CHAVEZ, Justice.

The underlying dispute in the present appeal and mandamus proceeding involves the trial court's denial of summary judgment to Dr. Josue Teran, who claims official immunity from suit, and the trial court's further denial of a stay of trial pending this Court's determination of Teran's interlocutory appeal of the denial of summary judgment. Teran has filed both an original mandamus proceeding asking this Court to order the trial court to stay its proceedings, and a motion to stay proceedings in connection with the interlocutory appeal asking this Court to directly order the proceedings below stayed pending our determination of that appeal. We grant the motion and issue an order staying all proceedings against Teran in the trial court pending this Court's determination of the appeal. In view of this order, we deny the petition for writ of mandamus as moot.

Joe Hinojosa sued Josue Teran, M.D., for wrongful death and survival claims resulting from Teran's alleged failure to properly diagnose and treat Guadalupe Hinojosa for his psychiatric illness at Rio Grande State Center, a state mental health facility. Teran, medical director of Rio Grande State Center, answered and moved for summary judgment on the ground of official immunity. The trial court denied summary judgment on May 9, 1996, and Teran timely perfected his present interlocutory appeal to this Court. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(5) (Vernon Supp.1996). Teran moved to stay proceedings pending the interlocutory appeal, but the trial court on May 30, 1996, denied his motion to stay and set trial for June 3, 1996. Upon Teran's filing the present mandamus proceeding, we temporarily stayed proceedings in the trial court under Texas Rule of Appellate Procedure 121(d). Teran has also filed in the interlocutory appeal a motion similarly requesting this Court to directly stay the proceedings against him in the trial court.

Although appeals are generally allowed only from a final judgment, there is a statutory exception allowing an interlocutory appeal from, among other things, an order of the trial court that "denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state." Tex. Civ. Prac. & Rem.Code Ann. § 51.014(5) (Vernon Supp.1996).

■ The procedure for invoking the defense of official immunity for government employees renders the official immune from suit, not just immune from liability, based on considerations such as: the importance of avoiding distraction of officials from their governmental duties; the desire to avoid inhibition of discretionary action; minimizing deterrence of able people from public service; avoiding the costs of an unnecessary trial; and insulating officials from burdensome discovery. *Travis v. City of Mesquite,* 830 S.W.2d 94, 102 n. 4 (Tex.1992) (Cornyn, J., concurring); *see also Mitchell v. Forsyth,* 472 U.S. 511, 525–26, 105 S.Ct. 2806, 2814–15, 86 L.Ed.2d 411 (1985) (addressing right to interlocutory appeals from denial of summary judgment based on qualified immunity to section 1983 claims). The very reasons for the grant of immunity are effectively unsalvageable if the official is determined to be immune from liability only after a trial on the merits. *Travis,* 830 S.W.2d at 102 n. 4; *Mitchell,* 472 U.S. at 525, 105 S.Ct. at 2814–15.

■ Accordingly, the purpose for the immunity and the interlocutory appeal intended to protect it would be thwarted by subjecting the official to a trial in the court below before the appellate court has determined whether he should be immune from the expense and inconvenience of such a trial.

Texas Rule of Appellate Procedure 43(a) provides, in pertinent part, that "[n]o order denying interlocutory relief shall be suspended or superseded by an appeal therefrom." Accordingly, the ordinary means for superseding a judgment are not available when the trial court *denies* summary judgment. However, Rule 43(c) additionally gives the appellate court authority to issue temporary orders pending determination of an interlocutory appeal, as follows:

> On perfection of an appeal from an interlocutory order, the appellate court may issue such temporary orders as it finds necessary to preserve the rights of the parties until disposition of the appeal and may require such security as it deems appropriate, but it shall not suspend the trial court's order if the appellant's rights would be adequately protected by supersedeas or other orders pursuant to Rules 47 or 49.

Tex.R.App. P. 43(c); *see Lamar Builders, Inc. v. Guardian Sav. & Loan Ass'n,* 786 S.W.2d 789, 790 (Tex.App.—Houston [1st Dist.] 1990, no writ).

The court in *Lamar* distinguished Rule 43(c) temporary orders from an original proceeding and found no necessity for a movant under Rule 43(c) to follow the formal procedural prerequisites of Rule 121 governing original proceedings. *Id.* at 790. Nevertheless, the *Lamar* court did require the movant to make a clear showing that he is entitled to the requested relief:

We hold that in order to obtain injunctive relief under TEX.R.APP.P. 43(c), a movant must state the relief sought and the basis for the relief, as well as the compelling circumstances which establish the necessity for the injunction to issue; that the motion must set forth in a concise and positive manner all the facts that are necessary to establish a right to the relief sought; that the motion should be accompanied by a certified or sworn copy of the trial court's order (unless it is already on file in the transcript of the appeal); that the motion contain an affidavit verifying the truth of all factual allegations; and that the motion must be accompanied by certified or sworn copies of relevant exhibits unless they have been filed in the appellate record.

*Id.* at 791.

In the present case, however, no factual showing is required to prove that the appellant would be substantially deprived of his right to immunity by forcing him to trial before appellate review of the interlocutory appeal. We hold that the appellant, and all similarly situated defendants appealing the denial of summary judgment on immunity grounds, are entitled to temporary orders from the appellate court staying proceedings against them in the court below pending determination of the appeal.

Accordingly, we grant the motion and issue an order staying all proceedings against Teran in the trial court[1] pending this Court's determination of the appeal. In view of this order, we deny the petition for writ of mandamus as moot.

1. *Joe O. Hinojosa, et al. v. Josue Teran, M.D., et al.*, Cause No. 94–12–07325–E, pending in the 357th District Court, Cameron County, Texas.