TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00520-CV






Alfredo Garza, Appellant


v.


County of Williamson, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT

NO. 01-576-T368, HONORABLE JACK R. MILLER, JUDGE PRESIDING






O R D E R


PER CURIAM

 Alfredo Garza, appellant and defendant below, moves this Court to stay and supersede
the enforcement of the trial court's order without the posting of security pending the resolution of
his appeal. 

 This request to stay and supersede the judgment arises out of a suit for delinquent
property taxes brought by appellee County of Williamson, on behalf of itself, the City of Taylor, and
Taylor Independent School District. The trial court signed an order granting the taxing authorities
permission to sell the property at a foreclosure sale. Garza, an inmate who is representing himself
pro se, owns at least part of the property scheduled for sale. The trial court's judgment was signed
and filed on July 9, 2004, notice of the judgment was sent on July 15, and Garza's notice of appeal
was filed on July 16, having been mailed on July 12. 

 An injunction is appropriate to protect our jurisdiction because it appears that an
appeal over which this Court has jurisdiction has been perfected and that the subject matter of the
appeal needs to be preserved. Tex. Gov't Code Ann. § 22.221(a) (West 2004); see Dallas Morning
News v. Fifth Court of Appeals, 842 S.W.2d 655, 658 (Tex. 1992); Lamar Builders, Inc. v. Guardian
Sav. & Loan Ass'n, 786 S.W.2d 789, 790 (Tex. App.--Houston [1st Dist.] 1990, no writ). 
Accordingly, we grant Garza's request for an injunction to protect this Court's jurisdiction by
enjoining any foreclosure sale until this Court has rendered judgment on the merits of Garza's
appeal.

 This request was received by this Court on August 16, 2004, and appellee has not to
date responded to Garza's request. We will allow until September 29, 2004 for any involved party
to tender any response arguing that this injunction is inappropriate and should be dissolved. Nothing
in this order should be construed as an expression of this Court's opinion on the merits of the
underlying appeal.

 It is so ordered on September 23, 2004.


Before Chief Justice Law, Justices Kidd and Puryear