TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-12-00132-CV






Eugenio Falcon, Antonio Falcon, Elroy Vera, Juan D. Posada, Jose Vasquez, 

Karina Mascorro, and William Smith, Appellants


v.


Bonanza Capital, Ltd. and Bernay Box as Trustee of Bonanza Master Fund, Ltd.
Liquidating Trust, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT

NO. D-1-GN-12-000164, HONORABLE RHONDA HURLEY, JUDGE PRESIDING





O R D E R


PER CURIAM

 On March 13, 2012, this Court denied appellants' emergency motion for temporary
relief seeking to stay the trial court's March 2, 2012 order appointing a receiver for Matinee Media
Corporation. Appellants have now filed a second emergency motion for temporary relief, again
requesting that we stay the trial court's March 2, 2012 order. In this motion, the appellants make
substantially the same arguments and present substantially the same record as in their first motion
for temporary relief. However, appellants now assert that on or about April 12, 2012, the trial court
signed an order denying appellants' request to supersede the trial court's March 2, 2012 order. We
treat appellants' argument as including a motion to review that decision. See Tex. R. App. P. 29.2
(providing that if trial court refuses to permit appellant to supersede order, appellant may move
appellate court to review that decision). We review a trial court's refusal to allow an appellant to
supersede an order for an abuse of discretion. Id.

 When seeking temporary orders in an appeal of an interlocutory order, it is the
movants' burden to make a clear showing that they are entitled to relief. Lamar Builders, Inc. v.
Guardian Sav. & Loan Ass'n, 786 S.W.2d 789, 791 (Tex. App.--Houston [1st Dist.] 1990, no writ).
Based upon the record and the pleadings before us, we cannot conclude that temporary orders are
necessary to preserve appellants' rights until disposition of their appeal. See Tex. R. App. P.29.3.
Further, we cannot conclude that the trial court abused its discretion in failing to permit appellants
to supersede the order. See Tex. R. App. P. 29.2; see also Maples v. Muscletech, Inc., 74 S.W.3d 429,
431 (Tex. App.--Amarillo 2002, no pet.) (denying motion for temporary stay, concluding that
without a clear showing of the potential losses that might result from the challenged temporary
injunction, appellate court could not conclude that the trial court abused its discretion). Accordingly,
appellants' second emergency motion for temporary relief is denied.

 It is ordered May 1, 2012.


Before Justices Puryear, Henson, and Goodwin