**Petition for Writ of Injunction Denied and Memorandum Opinion filed March 5, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00036-CV

## IN RE LASIK PLUS OF TEXAS, P.A. AND LCA-VISION, INC., Relators

**ORIGINAL PROCEEDING**
**WRIT OF INJUNCTION**
**80th District Court**
**Harris County**
**Trial Court Cause No. 2012-68429**

## MEMORANDUM OPINION

On January 15, 2013, relators Lasik Plus of Texas, P.A. and LCA-Vision, Inc., filed a petition for writ of injunction in this court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. In the petition, relators ask this court to issue a writ of injunction prohibiting Dr. Federico Mattioli from conducting laser

vision correction services while a related appeal is pending. Relators also request temporary relief pursuant to Texas Rule of Appellate Procedure 29.3. We deny relators' petition and their request for temporary relief.

## Background

On December 15, 2003, Dr. Federico Mattioli entered into an employment contract with LasikPlus of Texas to provide ophthalmic services at the LasikPlus clinic on Buffalo Speedway in Houston, Texas. The contract contained an 18-month covenant not to compete prohibiting Mattioli from delivering laser vision correction services within twenty miles of the Buffalo Speedway clinic. The contract also required Mattioli to give 120 days' notice before terminating employment.

On October 16, 2012, Mattioli gave thirty days' notice that he would no longer work for LasikPlus and that he planned to open a new clinic less than two miles from the Buffalo Speedway clinic. The parties stipulated that Dr. Mattioli violated the 120-day notice provision and is opening a clinic at 2200 Southwest Freeway, 1.27 miles from the Buffalo Speedway location.

LasikPlus sued Mattioli in an effort to enjoin the opening of the clinic in violation of the covenant not to compete. The trial court granted LasikPlus's request for a temporary restraining order. Mattioli answered LasikPlus's suit and requested dissolution of the temporary restraining order because it prohibited him from opening his new business. Mattioli argues that the covenant not to compete is not enforceable under the Covenant Not to Compete Act. Tex. Bus. & Com. Code

2

Ann. §§ 15.50 & 15.51. Section 15.50 of the Act requires the covenant to have a buy-out provision to be enforceable against a physician. Tex. Bus. & Com. Code Ann. § 15.50(b).

The trial court held a hearing on LasikPlus's request for temporary injunction and denied the request. LasikPlus appealed the denial of the temporary injunction, and this court docketed the appeal as cause number 14-12-01155-CV. LasikPlus filed this petition for writ of injunction and request for temporary relief asking this court to issue a writ of injunction prohibiting Mattioli from conducting laser vision correction services while the related appeal is pending.

## Standard of Review

This court has authority to issue writs of injunction if necessary to enforce its own jurisdiction. *See* Tex. Gov't Code Ann. § 22.221(a). This authority extends to the issuance of writs necessary to preserve the subject matter of an appeal. *See Beall v. Strake*, 602 S.W.2d 394, 395 (Tex. Civ. App.—Austin 1980, orig. proceeding). Unlike in the trial court, where a temporary injunction will lie to preserve the status quo pending trial, *see Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993), an injunction will not lie in the court of appeals merely to preserve the status quo pending appeal. *EMW Mfg. Co. v. Lemons*, 724 S.W.2d 425, 426 (Tex. App.—Fort Worth 1987, orig. proceeding). Nor will an injunction lie merely to protect a party from damage pending appeal. *Parsons v. Galveston County Employees Credit Union*, 576 S.W.2d 99, 99 (Tex. Civ. App.—Houston [1st Dist.] 1978, no writ).

**Analysis**

LasikPlus argues that an injunction is necessary because its "good will is eroding precipitously[.]" LasikPlus further argues that if Mattioli is permitted to proceed, its "contractual and extracontractual claims seeking relief based on the intangible and incalculable erosion of their goodwill" will be rendered moot. LasikPlus relies on cases holding that the court of appeals' writ authority to protect its jurisdiction over the subject matter of a pending appeal includes the prevention of the appeal's becoming moot. *See, e.g. In re Texas Ass'n of Sports Officials*, No. 03-10-00029-CV; 2010 WL 392342 at *1 (Tex. App.—Austin Feb. 5, 2010, orig. proceeding) (mem. op.) (subject matter of appeal was independent status of sports officiating organization, which would be rendered moot if sports contests took place under the challenged regulatory agency while the appeal was pending); *In re Teague*, No. 02-06-00033-CV; 2006 WL 302123 at *2 (Tex. App.—Fort Worth Feb. 6, 2006, orig. proceeding) (mem. op.) (demolition of structure pending appeal of plea to the jurisdiction would render the appeal moot); *Sonny Arnold, Inc. v. Sentry Sav. Ass'n*, 602 S.W.2d 90, 92 (Tex. Civ. App.—Amarillo 1980, orig. proceeding) (writ of injunction issued to prevent trustee's sale of land because sale of land was the subject matter of the appeal).

LasikPlus also cites cases for the proposition that the "intrinsic value of goodwill and market share" are intangible assets that have been deemed

4

appropriate for protection through writs of injunction. *See T-N-T Motorsports v. Hennessey Motorsports*, 965 S.W.2d, 18, 24 (Tex. App.—Houston [1st Dist.] 1998, pet. dism'd); *Unitel Corp. v. Decker*, 731 S.W.2d 636, 641 (Tex. App.—Houston [14th Dist.] 1987, no writ); *Martin v. Linen Sys. for Hosps., Inc.*, 671 S.W.2d 706, 709 (Tex. App.—Houston [1st Dist.] 1984, no writ.); *Orkin Exterminating Co. v. Veal*, 355 S.W.2d 831, 832 (Tex. App.—Fort Worth 1962, writ ref'd n.r.e.). Each of the cases cited by LasikPlus are appeals of the grant or denial of a temporary injunction in the trial court. In those cases, the courts of appeals determined that the appellants showed a probable right to recovery and the trial court should have granted the temporary injunction.

LasikPlus's probable right to recovery is not the issue to be considered in this original proceeding, however. That is a question for the pending interlocutory appeal. In this proceeding, the issue to be determined is whether leaving the trial court's ruling in place would result in only damages or inconvenience to LasikPlus.

> [I]f the effect of the refusal of the district court to continue in force the temporary restraining order theretofore granted would result only in damages or inconvenience to appellants, leaving the subject-matter of the appeal in such a condition that the judgment of this court could effectively operate thereon, then this court would be without jurisdiction to grant such relief, because its jurisdiction over the subject-matter of the appeal would not be invaded.

*In re Health Discovery Corp.*, 148 S.W.3d 163, 165 (Tex. App.—Waco 2004, orig. proceeding) (quoting *Madison v. Martinez*, 42 S.W.2d 84, 86 (Tex. Civ. App.—Dallas 1931, writ ref'd). In this proceeding, the denial of the temporary injunction pending trial does not deprive this court of the power to affect the rights of

LasikPlus and Mattioli. LasikPlus cites no cases, and we have found none, in which a court of appeals issued a writ of injunction to preserve the subject matter of an appeal when that subject matter was "goodwill and market share" alleged to be at risk of loss when a covenant not to compete was being violated. Moreover, the eighteen-month term of the covenant not to compete (if it is enforceable) will not expire for over a year. Thus, LasikPlus has not shown that its interlocutory appeal is likely to become moot before that appeal is decided.

LasikPlus further argues that a writ of injunction is necessary to preserve the subject matter of the appeal with regard to the breach of the 120-day notice provision. The remedy for a breach of contract, however, is generally monetary damages, not an injunction. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002) ("generally, a court will not enforce contractual rights by injunction, because a party can rarely establish an irreparable injury and an inadequate legal remedy when damages for breach of contract are available.").

In addition to filing a separate petition for writ of injunction, LasikPlus requests relief in its pending interlocutory appeal pursuant to Texas Rule of Appellate Procedure 29.3, which provides:

> When an appeal from an interlocutory order is perfected, the appellate court may make any temporary orders necessary to preserve the parties' rights until disposition of the appeal and may require appropriate security. But the appellate court must not suspend the trial court's order if the appellant's rights would be adequately protected by supersedeas or another order made under Rule 24.

6

Rule 29.3 permits temporary orders in an interlocutory appeal from the denial of a temporary injunction without the necessity of filing a separate original proceeding. *Lamar Builders, Inc. v. Guardian Sav. & Loan Ass'n*, 786 S.W.2d 789, 790 (Tex. App.—Houston [1st Dist.] 1990, no writ) (considering application of Rule 43(c), the progenitor of Rule 29.3). In *Lamar Builders*, noting the similarity of a motion for temporary orders to an original proceeding seeking an injunction to protect appellate jurisdiction under section 22.221 of the Texas Government Code, the court determined that the movant seeking temporary orders should meet the same standards as a relator seeking relief through an original proceeding. *Id.* at 791.

In support of its request for temporary relief, LasikPlus relies on its argument for writ of injunction. Based on the record and the pleadings before us, for the reasons stated above, we cannot conclude that temporary orders are necessary to preserve appellants' rights until disposition of their interlocutory appeal. *See* Tex. R. App. P. 29.3.

Because the subject matter of this appeal will not be invaded if the trial court's order stands, we do not have authority to issue a writ of injunction. Further, LasikPlus has not shown itself entitled to temporary relief under Rule 29.3 of the Texas Rules of Appellate Procedure. LasikPlus's petition for writ of injunction and request for temporary relief are denied.

PER CURIAM

Panel consists of Justices Frost, Brown, and Busby.

7