ACCEPTED
03-15-00294-CV
5311959
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/15/2015 8:24:02 PM
JEFFREY D. KYLE
CLERK

NO. 03-15-00294

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
5/15/2015 8:24:02 PM
JEFFREY D. KYLE
Clerk

MANOR INDEPENDENT SCHOOL DISTRICT
*Appellant*

*v.*

DEYDRA STEANS
*Appellee*

From the 200th Judicial District Court of
Travis County, Texas

APPELLANT'S RESPONSE TO APPELLEE'S EMERGENCY MOTION
FOR RECONSIDERATION OF TEMPORARY ORDER ON
APPELLANT'S MOTION FOR EMERGENCY STAY

Appellant Manor Independent School District submits this response to Appellee's Emergency Motion for Reconsideration of Temporary Order on Appellant's Motion for Emergency Stay.

Appellee filed its motion at 4:14 p.m. on Friday afternoon, seeking to force a trial on the following Monday.

### A.     Manor ISD is not asserting a right under CPRC § 51.014.

The automatic stay under section 51.014 of the Civil Practice and Remedies Code is not the sole authority for the logical proposition of staying a trial during

the pendency of a lawsuit challenging the trial court's jurisdiction. Appellant first argues that this case is "well beyond the 180 days the law contains for a litigant to maintain an automatic stay" and that, "[t]he Texas Legislature has made it clear that only those appeals from interlocutory decisions that are made within 180 days require an automatic stay of a proceeding." Appellee's Mtn., 2-3.

Appellee's argument misses the point. Appellant Manor ISD is not asserting a right to an automatic stay under section 51.014. Although there are good reasons for the delay of the hearing of Manor ISD's plea to the jurisdiction, Manor ISD recognizes that the statute sets forth an objective timeline. Instead, Manor ISD's request for stay is based on Tex. R. App. P. 29.3 and 29.5. A stay under these provisions does not render the automatic stay a nullity—this is simply a separate right to relief under the rules of procedure.

**B.      Manor ISD's simply seeks to protect its right to relief from this Court.**

Under Rule 29.3, the Court "may make any temporary orders necessary to preserve the parties' rights until disposition of the appeal." Tex. R. App. P. 29.3. Under Rule 29.5, the trial court is prohibited from impairing the effectiveness of any relief sought or that may be granted on appeal:

But the court must not make an order that:

(a) is inconsistent with any appellate court temporary order; or
(b) interferes with or **impairs** the jurisdiction of the appellate court or **effectiveness of any relief** sought or that may be granted on appeal.

2

Tex. R. App. P. 29.5 (emphasis added). To be clear, the relief that Manor ISD seeks from this Court is the benefit of enjoying its immunity from suit. In her motion, Appellee fails to recognize the "impairs effectiveness" prong of Rule 29.5.

The rules authorize this Court to stay proceedings at the trial court level until it can determine whether a party "should be immune from the expense and inconvenience of ... a trial" because the trial court does not have jurisdiction of his person. *Lacefield v. Elec. Fin. Group, Inc.*, 21 S.W.3d 799, 800 (Tex. App.—Waco 2000, no pet.)(involving the denial of a special appearance).

"[T]he purpose for the immunity and the interlocutory appeal intended to protect it would be thwarted by subjecting the official to a trial in the court below before the appellate court has determined whether he should be immune from the expense and inconvenience of such a trial." *Teran v. Valdez*, 929 S.W.2d 37, 38 (Tex. App.—Corpus Christi 1996, no writ)(staying trial court proceedings pending resolution of interlocutory appeal on question of official immunity).

*Lacefield* and *Teran* illustrate this simple bit of logic: proceeding to a trial on the merits during the pendency of an appeal challenging the trial court's subject-matter jurisdiction effectively destroys a governmental entity's ability to ever benefit from its immunity. A government entity's subsequent victory at the appellate level is a hollow one if it comes after a trial on the merits—the

3

ballgame's long been over by that point. Win or lose on the merits, the government has already lost its immunity *from suit*.

Manor ISD moved this Court for a stay because (1) it was unable to obtain a hearing at the trial court on its motion for stay or continuance prior to the date set for trial, and (2) proceeding to trial in this case will nullify this Court's ability to grant effective relief on Manor ISD's pending appeal regarding the trial court's jurisdiction over this case.

## C.    There are good reasons for the delay in challenging jurisdiction.

As a threshold matter, Manor ISD will point out a deficiency in Appellee's motion. Appellee asserts that most of Manor ISD's jurisdictional arguments were "based on facts that were known early on by the district." But, Appellee failed to cite to any evidence to support this factual assertion. *See* Tex. R. App. P. 10.2 (facts not in the record require proof). The affidavit of Appellee's counsel omits this from its recitations.

Appellee relies heavily on pointing out the chronology of this case. But, that argument is a red herring. To begin, Manor ISD's jurisdictional pleas are not based solely on Appellee's pleadings, but are based on Appellee's failure to meet her burden to produce evidence establishing the necessary jurisdictional facts. *See Texas Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). Necessarily then, it was necessary to engage in the discovery process. Manor ISD

4

completed its discovery by the deadline (December 2013). Appellee then requested to conduct depositions beyond the discovery period. Subsequently, beginning in January 2014, the parties engaged in protracted settlement negotiations, with an agreement to put the discovery on hold, but to be taken within 30 days of reaching impasse. That impasse occurred in June 2014. Manor ISD then requested that the pending depositions take place within 30 days of that impasse. After various requests for extension by Appellee, the depositions finally occurred in November 2014, with corrections submitted by January 2015. Manor ISD filed its motion by March 4, 2015.

The fact that Appellee failed to complete her discovery by the deadline and kept stringing the depositions along meant that Manor ISD would have been prejudicing itself by filing an evidentiary plea to the jurisdiction at an earlier time.

### D. Appellee is not in danger of losing any of her rights.

If the Court lifts the stay, one party loses its rights (Manor ISD loses its immunity from suit by virtue of having to go through a trial). If the Court does not lift the stay, no one loses any rights. Appellee, if she prevails in this interlocutory appeal, will still have the right to continue with her lawsuit against Manor ISD and to seek whatever damages she may. Moreover, it would be a waste of judicial resources for a court to go through a full trial on the merits when it may not have jurisdiction in the first place. Appellee claims that pleas to the jurisdiction are

5

regularly decided on cases that have gone to trial, but she does not claim that they regularly proceed while an interlocutory appeal on immunity is pending. Indeed, Appellee does not cite to any case in which a court has been asked to grant a stay, but denied that request and instead allowed a trial to proceed when the governmental entity's immunity is being raised in an interlocutory appeal.

## E.    Summary

Allowing this case to go to trial on Monday—before resolution of Manor ISD's jurisdictional challenge—would have the irreversible effect of stripping Manor ISD of its immunity.  Even if this Court ultimately dismisses this case, Manor ISD will have had to participate in a trial in a court that had no jurisdiction. This would nullify Manor ISD's governmental immunity.

## F.    Prayer

Manor ISD respectfully requests that Appellee's Emergency Motion for Reconsideration be denied.

Respectfully submitted,

**EICHELBAUM WARDELL**
HANSEN POWELL & MEHL, P.C.

By:_____
Jennifer A. Powell
Texas Bar No. 00783554
Abraham F. Barker
Texas Bar No. 24073241
4201 W. Parmer Lane, Suite A100
Austin, Texas 78727
512/476-9944
512/472-2599 fax

*Attorneys for Manor Independent
School District*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been sent via court-generated electronic means and/or email on May 15, 2015, to the following:

Gary L. Bledsoe
Alondra Johnson
Potter Bledsoe, LLP
316 West 12th Street, Suite 307
Austin, Texas 78701
*Attorneys for Deydra Steans*

_____
Jennifer A. Powell

7

## VERIFICATION

STATE OF TEXAS          §
                                  §

COUNTY OF TRAVIS      §

Before me, the undersigned notary, on this day, personally appeared Jennifer A. Powell, a person whose identity is known to me. After I administered an oath to her, upon her oath, she said that she had read this response to Appellee's Emergency Motion for Reconsideration of Temporary Order on Appellant's Motion for Emergency Stay and the facts stated in it are within her personal knowledge and are true and correct.

Jennifer A. Powell

SWORN and SUBSCRIBED before me on May 15, 2015.

Notary Public in and for the State of Texas

NANCY NOWELL
Notary Public, State of Texas
My Commission Expires
April 16, 2018