

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-16-00320-CV

---

TIMOTHY CASTLEMAN AND CASTLEMAN CONSULTING, LLC, APPELLANTS

V.

INTERNET MONEY, LTD AND KEVIN O'CONNOR, APPELLEES

---

On Appeal from the 237th District Court
Lubbock County, Texas
Trial Court No. 2016-519,740, Honorable Les Hatch, Presiding

---

December 9, 2016

## ORDER ON MOTION FOR TEMPORARY INJUNCTION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Pending before the court is a ". . . Verified Original Application for Temporary Restraining Order and Temporary Injunction" filed by Internet Money, Ltd. and Kevin O'Connor (collectively referred to as Internet) against Timothy Castleman and Castleman Consulting (collectively referred to as Castleman). To the extent that Internet avers we have jurisdiction to consider the application under Texas Rule of Appellate Procedure 52.1, we construe the request as "an original appellate proceeding seeking extraordinary relief." TEX. R. APP. P. 52.1 (stating that an "original appellate

proceeding seeking extraordinary relief . . . such as a writ of . . . injunction . . . is commenced by filing a petition with the clerk of the appropriate appellate court"). And, in so construing it, we deny the application for the following reason.

In the instrument, Internet alleges that:

. . . to prevent [Internet] from suffering the aforementioned non-monetary penalty of fear, anxiety, and harassment, [Internet] ask[s] this Court to preserve the status quo and grant a temporary restraining order and temporary injunction against [Castleman] to enjoin [Castleman] from contacting, threatening, emailing, posting in social media and posting any comments, videos, pictures about [Internet] by their agents, attorneys, employees or family and communicating with [Internet] or [Internet's] counsel in person or in any other manner, including by telephone or another electronic voice transmission, video chat, in writing, or electronic messaging during the pendency of this litigation. [Internet] further seek[s] a permanent injunction against [Castleman] from further engaging in the proscribed activities set forth above.

Apparently, Castleman is posting information on social media which Internet believes is defamatory. So too is the former purportedly communicating with or contacting the latter in ways deemed improper by Internet.

Per statute, "[e]ach court of appeals or a justice of a court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221(a) (West 2004). While the scope of "writs" mentioned in the statute includes injunctions, such may issue only when necessary to enforce our jurisdiction. *In re Garza*, 153 S.W.3d 97, 103 (Tex. App.—San Antonio 2004, no pet.); *Pace v. McEwen*, 604 S.W.2d 231, 233 (Tex. Civ. App.—San Antonio 1980, no writ). The provision does not afford us jurisdiction to execute injunctions for the purpose of "protecting a litigant." *Pace v. McEwen*, 604 S.W.2d at 233; *see In re Smith*, No. 10-03-390-CV, 2004 Tex. App. LEXIS 1484, at *2-3 (Tex. App.—Waco February 11, 2004,

2

orig. proceeding) (mem. op.) (stating that an injunction will not lie merely to protect a party from damage pending appeal).

The application of Internet fails to illustrate how issuance of the relief sought is necessary to enforce our jurisdiction. Nor does our review of the pleading reveal that the failure to execute the requested writ would render the appeal moot or otherwise prevent this court from disposing of the appeal. *See In re Smith*, 2004 Tex. App. LEXIS 1484, at *3-4 (stating that a case becomes moot when a court's actions cannot affect the rights of the parties and concluding that refusing to grant the relief "does not deprive us of the power to affect the rights of . . . " the parties); *In re Teague*, No. 02-06-033-CV, 2006 Tex. App. LEXIS 1064, at *5-6 (Tex. App.—Fort Worth February 8, 2006, orig. proceeding) (mem. op.), *quoting EMW Manufacturing Co. v. Lemons*, 724 S.W.2d 425, 426 (Tex. App.—Fort Worth 1987, orig. proceeding) (stating that an appellate court is authorized to issue writs to protect its jurisdiction by preserving the subject of the appeal to make its decree effective). Rather, it appears that the writ is sought to protect the litigant, that is, Internet, from "fear, anxiety, and harassment." Such is not within the jurisdictional grant of Texas Rule of Appellate Procedure 52.1 et seq. and § 22.221 of the Texas Government Code.

Yet, an interlocutory appeal does pend between Castleman and Internet. The former has appealed from an order denying its motion to dismiss filed under the Texas Citizens Participation Act, TEX. CIV. PRAC. & REM. CODE ANN. § 27.001 et seq. (West 2015). Furthermore, when an appeal from an interlocutory order is perfected, an appellate court "may make any temporary orders necessary to preserve the parties' rights until disposition of the appeal and may require appropriate security." TEX. R. APP.

3

P. 29.3. The relief contemplated under this rule is analogous to an injunction to protect our jurisdiction. *Lamar Bldg, Inc. v. Guardian Sav. & Loan Ass'n*, 786 S.W.2d 789, 790-91 (Tex. App.—Houston [1st Dist.] 1990, no writ.). And, to obtain it, the movant must clearly show that it is entitled to same. *Id.*

Proving one is clearly entitled to relief under Rule 29.3 would, at the very least, require discussion of how the "parties' rights" are in jeopardy if relief is not forthcoming. Implicit in that is citation by the movant to authority not only supporting the position urged but also legitimizing the scope or breadth of the relief sought under the particular circumstances. Neither was done here. Nor has Internet attempted to show via argument and authority how Castleman's activity is impairing the status quo or how the threat of fear, anxiety and harassment implicates the "parties' rights" while the appeal pends for disposition. So, we also are unable to conclude that Internet is entitled to relief under Rule 29.3, at this time.

The application before us is denied, without prejudice.


Per Curiam