COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER ON MOTION FOR TEMPORARY RELIEF

Appellate case name:         Hector Cortez v. Veronica Garza Cortez

Appellate case number:     01-19-00296-CV

Trial court case number:    12-DCV-199184

Trial court:                        505th District Court of Fort Bend County

Appellant, Hector Cortez, filed a pro se notice of appeal on April 22, 2019, from the trial court's April 10, 2019 order declining child custody jurisdiction under section 152.202(a) of the Texas Family Code (UCCJEA). On May 9, 2019, appellant filed this pro se "Relator's Motion for Temporary Relief Emergency Stay and Temporary Visitation Orders" seeking an emergency stay of the April 10, 2019 order, pending disposition of this appeal, and for temporary visitation orders for the summer of 2019. No clerk's record has been filed yet and appellant does not attach a copy of the order, but he lists himself as relator and states that he has contacted counsel for the real party in interest, Veronica Garza Cortez, who opposes this motion. *See* TEX. R. APP. P. 52.10(a).

This Court is authorized by statute to consider an appeal from a "final order" under Title 5 of the Family Code. *See* TEX. FAM. CODE ANN. § 109.002(b) (West 2011) (stating that appeals from final orders shall be as in civil cases generally "except that an appeal from a final order rendered under Subchapter D, Chapter 152, must comply with Section 152.314."). Section 152.314 allows accelerated appeals to be filed from final orders under Subchapter D, "Enforcement." TEX. FAM. CODE ANN. § 152.314 (West 2011).

However, this is an appeal of an order declining child custody jurisdiction under section 152.202(a), Subchapter C, "Jurisdiction," which makes this a regular appeal, not an interlocutory/accelerated one which permits temporary orders. *See* TEX. R. APP. P. 29.3 ("When an appeal from an interlocutory order is perfected, the appellate court may make any temporary orders necessary to preserve the parties' rights until disposition of the appeal and may require appropriate security."). Similarly, this is not a mandamus petition for which a Rule 52.10 motion to stay may be filed by a relator. *See* TEX. R. APP. P. 52.10(a).

Finally, section 152.304 only permits trial courts, which do not have jurisdiction to modify a child custody determination, to make temporary visitation orders, not appellate courts. *See* TEX. FAM. CODE ANN. § 152.304(a) (West 2011).

Accordingly, the Court **denies** appellant's "Motion for Temporary Relief Emergency Stay and Temporary Visitation Orders." *See*, *e.g.*, *Lamar Builders, Inc. v. Guardian Sav. & Loan Ass'n*, 786 S.W.2d 789, 791 (Tex. App.—Houston [1st Dist.] 1990, no writ.) (providing movant for temporary order "must make a clear showing that it is entitled to relief.").

It is so ORDERED.

Judge's signature: _____/s/ Evelyn V. Keyes_____

       x  Acting individually     ☐ Acting for the Court

Date: ___May 21, 2019__