

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

## No. 07-21-00268-CV

JASON PAUL WHITE, DDS, APPELLANT

V.

JANE DOE, INDIVIDUALLY AND AS NEXT FRIEND OF JOHN DOE, A MINOR CHILD, AND JOHN DOE II, AS NEXT FRIEND OF MINOR CHILDREN, JOHN DOE III AND JOHN DOE IV, APPELLEES

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2021-542,885, Honorable J. Phillip Hays, Presiding

November 15, 2021

## ORDER

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

On November 5, 2021, this Court denied appellant's emergency motion to suspend receivership pending appeal. On November 9, appellant filed a second emergency motion for relief, again requesting that we stay the trial court's order appointing a receiver and further requesting that we issue a temporary injunction blocking the receiver from selling real property or transferring funds.

Appellant maintains that he is entitled to supersede the trial court's order pursuant to Texas Rule of Appellate Procedure 24.1(a). While a judgment debtor is generally entitled to supersede a judgment and thus defer its enforcement while pursuing an appeal, *see* TEX. R. APP. P. 24.1; *Miga v. Jensen*, 299 S.W.3d 98, 100 (Tex. 2009), appellant has not indicated that he has sought relief from the trial court via any of the four methods listed in Rule 24.1(a). As such, there is no supersedeas ruling presented for our review.

Further, when seeking temporary orders in an appeal of an interlocutory order, it is the movant's burden to make a clear showing that he is entitled to relief. *Lamar Builders, Inc. v. Guardian Sav. & Loan Ass'n*, 786 S.W.2d 789, 791 (Tex. App.—Houston [1st Dist.] 1990, no writ) (order). To be entitled to injunctive relief, appellant must plead and prove (1) the existence of a wrongful act, (2) a probable right to the relief sought, and (3) the likelihood of imminent and irreparable injury. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). Appellant has not presented sufficient evidence to demonstrate that the receivership presents a danger justifying emergency or injunctive relief. Appellant's assertions about potential harm resulting from "pending transactions" do not inform the Court as to the property involved, its value, the projected sales date, or any imminent and irreparable injury that might result.

Thus, we conclude that the motion is insufficient to support granting appellant's request for a stay or issuing an injunction. Appellant's motion is therefore denied.

Per Curiam

2