**FIRST NAT. BANK OF HARLINGEN v. JEFFRESS.**

**No. 9303.**

Court of Civil Appeals of Texas. San Antonio.

April 11, 1934.

Rehearing Denied May 9, 1934.

G. Lorimer Brown, of Harlingen, for appellant.

Davenport & Ransome, of Brownsville, for appellee.

FLY, Chief Justice.

On December 16, 1930, a divorce was obtained by Wm. D. Jeffress, appellee herein, from his wife, Martha Sumners Jeffress. In the decree of divorce it was ordered that appellee herein pay to his wife the sum of $2,800 in final settlement of the property rights between them, but nothing was stated about the homestead rights of the wife. It appears from the agreed statement of facts that the homestead of the divorced parties was the separate property of the husband, and it is the claim of appellee herein that the $2,800 was decreed to his former wife in payment of whatever interest she might have in the homestead.

On the same day that the divorce was granted appellant filed a suit on a promissory note against Mrs. Jeffress (or Sumners) and at the same time obtained a writ of garnishment directed to appellee. In his answer to the writ appellee admitted that when the writ was served on him, he was indebted to his former wife in the sum of $2,800, and at the time of filing his answer he owed his wife $1,100, but further alleged that such sum was assessed by the decree of divorce against him to cover the interest of the wife in the homestead on his separate property, and he sought to protect the $2,800 from payment of the debt of his former wife on the ground that the proceedings as to the $2,800 were in effect a sale of the homestead rights of the wife as evidenced by the written agreement entered into between the husband and wife before the divorce was granted.

The court held that the amount of $2,800 decreed to the wife was not subject to garnishment because it represented the proceeds of the sale of her homestead rights.

The agreed statement of facts shows that before the divorce was granted appellee had agreed to give to his wife out of his separate property certain lots upon which she could build her home. That agreement was afterwards changed so as to cause appellee to give his wife the sum of $2,800 in lieu of her homestead rights.

It is provided in article 3834, R. S. 1925, that "the proceeds of the voluntary sale of the homestead shall not be subject to garnishment or forced sale within six months after such sale." The object of this statute is to protect the sum arising from the voluntary sale of the homestead from garnishment for a certain time in order to give the vendors of the homestead an opportunity to acquire another homestead with the proceeds from the sale of the old one. It will be noted that the law does not define a sale or prescribe the method of accomplishing that sale. It does not provide for a warranty deed or any other instrument to be signed or acknowledged in a certain way, but merely uses the term "sale" of the homestead. In this case the agreement upon which the decree of divorce was based, in regard to the property, was in accord with a prior agreement made between the husband and wife. While the divorce case was pending and before the entry of the decree, the said W. D. Jeffress agreed in writing to convey to Mrs. Jeffress certain property with the improvements, as a homestead; but prior to the divorce decree this agreement was changed so that said Jeffress agreed to pay to Mrs. Jeffress the sum of $2,800 in cash in lieu of said property.

It is clear from the language of the agreement that Mrs. Jeffress, through the written agreement made between her and her husband, had alienated, relinquished, and sold her homestead rights on his agreement, first, to deed her certain lots, and then on his agreement to transfer to her the sum of $2,800. It is plain that by such agreement she parted with all of her homestead rights situated on the separate property of her husband. It has been the policy of the courts of Texas to broadly and liberally construe all statutes in favor of homestead rights and in this instance we think it would be a narrow construction of the statute to hold that there must be a sale which follows all the technicalities usually required in making sales of the homestead. The settlement was between the husband and wife and clearly evidences that the wife parted with the rights which she undoubtedly had in the homestead owned by her husband, for and in consideration of the sum of $2,800. The proceeds of the sale of the homestead is an exemption in favor of the homestead and the decisions in Texas liberally construe such statutes in favor of those to whom the exemptions are extended. Cobbs v. Coleman, 14 Tex. 594; Rodgers v. Ferguson, 32 Tex. 533; Andrews v. Bank, 121 Tex. 409, 50 S.W.(2d) 253, 83 A. L. R. 44.

It is the claim of appellant that the wife had no such interest in the homestead on her husband's separate property as could be sold by her and relies on the case of Woods v. Alvarado State Bank, 118 Tex. 586, 19 S.W.(2d) 35, but that case does not sustain appellant's contention; on the other hand, it clearly intimates that the husband or wife has such an estate in the homestead on the separate property of the husband or wife as could be alienated by the husband or wife. This is the construction that we place on that opinion, which is not so clear to us as it probably should be. However that may be, we hold that the wife in this case had such an estate as the homestead in the separate property of the husband that could be alienated or conveyed by her to her husband, at least, and that such alienation was made by her in this case.

We think the trial judge was correct in holding that the $2,800 was not subject to garnishment.

The judgment will be affirmed.