Amparo VALENCIA, Appellant,

v.

David R. VALENCIA, Appellee.

No. 08–90–00032–CV.

Court of Appeals of Texas, El Paso.

June 20, 1990.

Michael R. "Mickey" Milligan, El Paso, for appellant.

Paula W. Thomas, El Paso, for appellee.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

## OPINION

OSBORN, Chief Justice.

This appeal is from an order modifying a divorce decree in a case involving a minor child. The court changed custody from the mother to the father and ordered the mother to repay certain sums previously credited to her from the father's interest in the community estate. We affirm in part and modify and vacate.

In the original divorce decree signed in May 1988, the mother was awarded custody of the parties' only child, and the father was ordered to pay child support of $100.00 per month. The court found that the father had an equity of $15,000.00 in the parties' homestead which equity was awarded to the mother with the father receiving a credit on the child support payments of $100.00 per month for a period of 150 months or 12 years and 6 months. The court went further and in a section of the decree entitled "Division of Marital Estate," awarded the mother the house owned by the parties and divested father of all right, title and interest in such property.

The modification order signed in December 1989, gave custody of the child to the father and found that the unused portion of the equity credited to the mother was $13,100.00. The court rendered judgment against the mother for that amount and ordered the sum paid at such time as the mother sells the homestead or ceases to use such property as her primary residence. The order placed an equitable lien upon the described property to secure payment of the amount of the judgment.

In her first point of error, Amparo Valencia asserts the trial court abused its discretion and exceeded its authority by entering an order which made substantive changes in the property division of the divorce decree after the decree had become final in violation of the doctrine of res judicata. There are two statutory bases for a subsequent order which affects the support obligation as set forth in the original divorce decree. First, the court may modify the support provision where there has been a material and substantial change in the circumstances of the child or a person affected by the support order. Tex.Fam.Code Ann. sec. 14.08(c)(2) (Vernon Supp.1990). Such modification may be only as to obligations accruing after the filing of the motion to modify. *Id.* Second, Tex.Fam. Code Ann. sec. 3.72 provides for clarification orders where such an order is required to provide for enforcement by contempt. But, Section 3.71(a) specifically provides that "a court may not amend, modify, alter, or change the division of property made or approved in the decree of divorce or annulment." Section 3.71(b) states that any changes or modifications in the substantive division of property "is beyond the power of the divorce court to enter and is unenforceable."

The Court in *Schwartz v. Jefferson*, 520 S.W.2d 881 (Tex.1975), noted that property adjudications in a divorce decree become final the same as in other judgments relating to title and possession of property. The trial court's attempt to retain control over that part of the judgment was ineffective, and the court had no authority to change its provisions relating to the property adjudication. In *McGehee v. Epley*, 661

S.W.2d 924 (Tex.1983), the Court noted that a court could not in a clarification order affirmatively impose an obligation to pay where no such obligation previously existed. Following that decision, this Court in *Griffith v. Griffith*, 698 S.W.2d 729 (Tex. App.—El Paso 1985, no writ), held that a trial court was without jurisdiction where it attempted "to impose a burden on the husband's interest in the real estate that did not previously exist." We concluded the trial court's order was a nullity.

Clearly, the imposing of an obligation to pay $13,100.00 where such obligation did not previously exist and creating a lien where none previously existed changed, modified and altered the provisions of the divorce decree. That is the very thing Tex. Fam.Code Ann. sec. 3.71(a) prohibits. It is just as clear that the trial court was trying to resolve the issue on a equitable basis. Having changed custody the court could have, and still could, order the mother to pay child support, but it cannot place a lien on her house to enforce that obligation. Point of Error No. One is sustained. The result of this holding is clear. Let the advance payor beware!

We also sustain the second point of error which contends the trial court abused its discretion and exceeded its authority in its conclusions of law which form the basis for its judgment. The authorities previously cited are controlling.

We affirm that part of the modification order which changed custody of the parties' son and designated the rights and responsibilities of the parties as Managing Conservator and Possessory Conservator, and we modify and vacate that part of the order which provides that David Valencia recover of and from Amparo Valencia judgment for $13,100.00 and grants an equitable lien upon the described property to secure payment of the judgment.