In re Stephanie M. GARZA.

No. 04–04–00185–CV.

Court of Appeals of Texas,
San Antonio.

Nov. 10, 2004.

Rehearing Overruled Jan. 3, 2005.

Original Mandamus, Prohibition, and Injunction Proceeding.[1]

Per A. Hardy, Law Office of Per A. Hardy, James E. Hoffman, San Antonio, for appellant.

Jo Chris G. Lopez, Shaddox, Compere, Walraven & Goode, P.C., Wade B. Shelton, Shelton & Valadez, P.C., Michael W. Jackson, San Antonio, for appellee.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice.

## OPINION

Opinion by SARAH B. DUNCAN, Justice.

Stephanie Garza seeks a writ of mandamus to compel the trial court to vacate its temporary order, which requires Stephanie's former husband Xavier to deposit the payments he owes to Stephanie for her equity interest in their community homestead into the registry of the court; in the event Stephanie's appeal of the divorce decree is ultimately unsuccessful, awards Xavier appellate attorney's fees; and orders Xavier's appellate attorney's fees to be paid out of the funds in the court's registry. We conditionally grant the petition insofar as it seeks a writ of mandamus to compel the trial court to vacate that part of its order requiring the contingent appellate attorney's fees to be paid out of the funds in the court's registry. This aspect of the order, in effect, impermissibly orders Xavier's appellate attorney's fees to be paid out of Stephanie's exempt equity interest in the community homestead and modifies the property division in the divorce decree after the court's plenary power had expired.

### FACTUAL AND PROCEDURAL BACKGROUND

The final decree in Xavier and Stephanie Garza's divorce and child custody case awards them joint managing conservatorship of their two children, with Xavier having the exclusive right to determine their residence and Stephanie being responsible for child support payments. The decree also awards Xavier the family homestead, orders Stephanie to convey her interest in the property to Xavier, and orders Xavier to pay Stephanie $73,871 for her equity interest in the property in sixty monthly installments. Finally, the decree orders each party to bear his or her own attorney's fees and costs. Stephanie appealed. While the appeal was pending, both parties moved for temporary orders pending appeal. *See* TEX. FAM.CODE ANN. § 6.709 (Vernon 1998) (orders for preservation of property and protection of parties); *id.* § 109.001 (Vernon 2002) (orders for protection and welfare of children). After a hearing, on December 18, 2003, the trial court signed an order finding that the "temporary orders are necessary for the protection of the parties and the chil-

---

1. This original proceeding arises out of a temporary order signed by the Honorable John Specia, the presiding judge in the 225th Judicial District Court, Bexar County, Texas, in Cause No.2002–CI–01202, styled *In the Matter of the Marriage of Xavier H. Garza and Stephanie M. Garza.*

dren and for preservation of the property pending appeal" and denying Stephanie's motion and granting Xavier's. The December 18, 2003 order requires Xavier to deposit the payments he owes to Stephanie for her equity interest in their homestead into the registry of the court "until the appeal is resolved and disposition of the funds on deposit is determined by final judgment" and, if Stephanie's appeal is ultimately unsuccessful, awards Xavier appellate attorney's fees of $25,000 from the funds deposited into with the court's registry. To challenge the trial court's order, Stephanie filed this original proceeding.

## PREREQUISITES FOR MANDAMUS RELIEF

■ A writ of mandamus will issue only to correct a clear abuse of discretion for which the relator lacks an adequate remedy by appeal. *See Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992). "With respect to resolution of factual issues," "[t]he relator must establish that the trial court could reasonably have reached only one decision." *Walker,* 827 S.W.2d at 840. However, "[a] trial court has no 'discretion' in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ." *Id.*

■ Mandamus is an appropriate means to challenge temporary orders pending appeal. *See* TEX. FAM.CODE ANN. § 109.001(c) (temporary orders for the protection of the children pending appeal may not be appealed); *In re Boyd,* 34 S.W.3d 708, 711 (Tex.App.-Fort Worth 2000, orig. proceeding) (mandamus appropriate to challenge temporary order for protection of parties and preservation of property pending appeal); *Johnson v. Johnson,* 948 S.W.2d 835, 838 (Tex.App.-San Antonio 1997, writ denied) (temporary order pending appeal

awarding appellate attorney's fees should be attacked in a petition for a writ of mandamus).

## EQUITY PAYMENTS

■ Stephanie first argues the trial court abused its discretion in ordering Xavier to deposit the payments due her for her equity interest in the marital homestead into the registry of the court. We disagree.

■ A temporary order pending appeal is authorized if it is necessary to preserve and protect the children's welfare or to preserve the parties' property. TEX. FAM. CODE ANN. §§ 6.709, 109.001. Here, the trial court could reasonably conclude it was necessary to order Xavier to deposit the funds due Stephanie for equity interest in the homestead in the court's registry for either of two reasons.

■ First, Stephanie states in her post-decree pleadings that she intends to appeal the trial court's characterization and division of the parties' property. If she is successful, the trial court's judgment will be reversed and the case will be remanded to the trial court for a new "just and right" division of all the community property, including the homestead. *Jacobs v. Jacobs,* 687 S.W.2d 731, 732 (Tex. 1985); *see* TEX. FAM.CODE ANN. § 7.001 (Vernon 1998). Consequently, it is impossible at this point to determine the amount of the final award to Stephanie. Second, Stephanie testified at the hearing that she needs Xavier's payments to her for her interest in the equity in their homestead to help pay her living expenses while the appeal is pending. It thus appears that, if Stephanie's appeal is successful and the case is remanded for a new division, she will be unable to return the payments to the community estate for a new division. Under these circumstances, we hold the

trial court did not abuse its discretion in concluding that, to preserve the community estate pending appeal, Xavier should deposit the payments due Stephanie for her equity in the community homestead into the registry of the court. *See* Tex. Fam.Code Ann. § 6.709.[2]

### Appellate Attorney's Fees

■ Stephanie next argues the trial court was without authority to award Xavier appellate attorney's fees and to do so wrongly penalizes her for appealing. We again disagree.

■ The trial court is expressly authorized to award appellate attorney's fees when it is necessary and equitable to protect the welfare of the children or necessary to preserve the property during the appeal. Tex. Fam.Code Ann. §§ 6.709(2), 109.001(5). Under the terms of the decree, Xavier has primary responsibility for the children and for the care and upkeep of and the debt on the children's principal home. Under these circumstances, we hold the trial court could reasonably conclude that it would be equitable to order Stephanie to pay Xavier's appellate attor-

ney's fees in the event her appeal is unsuccessful. And, because the award of appellate attorney's fees is contingent on Stephanie being unsuccessful in her appeal, the award does not "penalize [Stephanie] for taking a successful appeal." *Siegler v. Williams,* 658 S.W.2d 236, 241 (Tex.App.-Houston [1st Dist] 1983, no pet.).

### Method of Payment

■ Stephanie next argues the trial court abused its discretion in ordering that Xavier's contingent appellate attorney's fees be paid out of the funds in the court's registry because it impermissibly encumbers her equity interest in the marital homestead and modifies the property division in the divorce decree after the trial court's plenary power had expired. We agree.

■ In its disposition of the marital property, the trial court must divide the parties' marital estate in a manner the court determines just and right, having regard for the rights of each party and any children of the marriage. Tex. Fam.Code Ann. § 7.001 (Vernon 1998). One factor

**2.** Stephanie argues the order constitutes an "unconstitutional financial barrier" that interferes with her "right of access to the appellate courts." However, the only authority Stephanie cites to support her argument is *Griffin Indus., Inc. v. Thirteenth Court of Appeals,* 934 S.W.2d 349 (Tex.1996), which stands for the general proposition that the open courts provision in the Texas Constitution requires courts to be open to those with legitimate disputes even if they cannot afford to pay court costs. *Id.* at 353; *see* Tex. Const. art. I, § 13. But Stephanie does not argue that the trial court's order prevents her from appealing the trial court's judgment; rather, she contends it "deprive[s] her of resources she needs for her subsistence." In effect, therefore, Stephanie contends the open courts provision requires the trial court to allow her to dissipate the assets that are the subject of her appeal so she can meet her living ex-

penses. But she has not presented, and we have not found, any authority to support this contention. Certainly *Griffin Industries* does not do so.

Stephanie also argues the trial court's temporary order wrongly deprives her of the use of her property during the pendency of her appeal. It is true the trial court's temporary order deprives Stephanie of the use of property granted her by the divorce decree during the pendency of her appeal. However, Stephanie's decision to appeal the property division, which necessarily includes the division of the homestead and its equity, renders the amount of the final award to Stephanie uncertain; and she offers no authority that she has any vested right to deplete the marital estate pending appeal. She has therefore not established that the trial court's temporary order "wrongly" deprives her of the use of the property.

the court may properly consider in making an equitable division of the estate is appellate attorney's fees. *Matthews v. Matthews*, 725 S.W.2d 275, 281 (Tex.App.-Houston [1st Dist.] 1986, no pet.). However, the court may not encumber a party's interest in the homestead with unsecured debt that is unrelated to the property or require that such debt be paid from the proceeds of the partition of the homestead. *See Walston v. Walston*, 971 S.W.2d 687, 694–95 (Tex.App.-Waco 1998, pet. denied); *Matter of the Marriage of Banks*, 887 S.W.2d 160, 164 (Tex.App.-Texarkana 1994, no writ); *Sharman v. Schuble*, 846 S.W.2d 574, 575–76 (Tex.App.-Houston [14th Dist.] 1993, orig. proceeding); *see also* Tex. Const. art. XVI, § 50; Tex. Prop.Code Ann. § 41.001 (Vernon Supp. 2003).

■■■ "Property adjudications in a divorce decree become final the same as in other judgments relating to title and possession of property." *Schwartz v. Jefferson*, 520 S.W.2d 881, 887 (Tex.1975). Accordingly, the trial court retains plenary power over its decree and may modify its property division until thirty days after a timely filed motion for new trial has been overruled by order of the court or by operation of law. *See* Tex.R. Civ. P. 329b; *McGehee v. Epley*, 661 S.W.2d 924, 926 (Tex.1983) (per curiam). After its plenary power has expired, but within thirty days of a timely filed notice of appeal, the trial court may sign temporary orders, as authorized by the Family Code. *See* Tex. Fam.Code Ann. §§ 6.709, 109.001. These temporary orders may impose additional obligations on the parties pending disposition of the appeal; but, if the trial court's plenary power over the decree has expired, the temporary orders may not alter, amend, or modify the substantive division of the property in the final decree. *See* Tex. Fam.Code Ann. § 9.007(a) ("court may

not amend, modify, alter, or change the division of property made or approved in the decree of divorce.").

In the Garzas' divorce decree, the trial court awarded Stephanie $73,871 for her equity interest in the marital homestead as part of its "just and right" division of the estate and expressly declined to award attorney's fees against either party. Because Stephanie timely filed a motion for new trial, the court could have modified, altered, or changed its property division until December 3, 2003—the thirtieth day after the motion for new trial was overruled by operation of law. *See* Tex.R. Civ. P. 329b. It did not do so. Thereafter, unless and until the judgment is reversed on appeal and the case is remanded for a new property division, the trial court was and is without authority to alter the substantive division of the property.

By awarding Xavier $25,000 in contingent attorney's fees to be paid out of Stephanie's award for her equity interest in the homestead, the trial court's temporary order impermissibly encumbers the exempt proceeds of Stephanie's interest in the homestead. *See Sharman*, 846 S.W.2d at 575–76; *see also* Tex. Const. art. XVI, § 50; Tex. Prop.Code Ann. § 41.001 (Vernon Supp.2003) (proceeds from sale of homestead exempt from seizure for six months); *First Nat'l Bank of Harlingen v. Jeffress*, 71 S.W.2d 298, 299 (Tex.Civ.App.-San Antonio 1934, writ ref'd) (holding that money awarded wife in divorce decree in payment of her interest in homestead are proceeds from sale of homestead rights and exempt from garnishment). The same provision, in effect, impermissibly modifies the division of property in the decree after the trial court's plenary power had expired in violation of section 9.007 of the Family Code. *See Sharman*, 846 S.W.2d at 575–76; *Valencia v. Valencia*, 792 S.W.2d 565, 566–67 (Tex.App.-El Paso 1990, no writ). We

therefore hold the trial court abused its discretion in ordering that the contingent attorney's fees awarded to Xavier be paid out of the funds in the registry of the court.

### WRITS OF INJUNCTION AND PROHIBITION

 In her final issue, Stephanie argues the trial court abused its discretion in denying her motion for temporary support and injunctive relief to protect and preserve the community assets in Xavier's possession and control and asks this court to issue a writ of injunction for the protection of all the property while the appeal is pending and a writ of prohibition "to preclude any further action by the trial judge." However, this court's authority to issue writs of injunction and prohibition is limited to those necessary to enforce its jurisdiction. TEX. GOV'T CODE ANN. § 22.221 (Vernon 2004). Stephanie has neither alleged nor shown that the relief she seeks is necessary to enforce this court's jurisdiction.

### CONCLUSION

In ordering Xavier to deposit payments due Stephanie for her equity interest in the couple's homestead into the registry of the court and in awarding Xavier contingent appellate attorney's fees, the trial court acted within its authority to preserve the property and to protect the welfare of the children pending the appeal. We therefore deny Stephanie's petition insofar as it seeks a writ of mandamus to compel the trial court to vacate these aspects of the trial court's temporary order. We also deny the petition insofar as it seeks writs of injunction and prohibition; Stephanie has not shown these writs are necessary to enforce this court's jurisdiction. However, we conditionally grant Stephanie's petition insofar as it seeks a writ of mandamus to compel the trial court to vacate the part of its temporary order that requires the award of contingent appellate attorney's fees to Xavier to be paid out of the funds in the registry of the court. This aspect of the trial court's temporary order substantively modifies the property division after the trial court's plenary power over its judgment had expired and requires Stephanie to pay attorney's fees with the exempt proceeds from the transfer of her equity interest in the homestead. The clerk of this court is directed to issue the writ only if Judge Specia fails to file proof that he has complied with our order within ten days of its issuance.