Petition for Writs of Mandamus and
Prohibition Denied and Memorandum Opinion filed September 16, 2010.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00851-CV

NO. 14-10-00853-CV

 

____________

 

IN RE TED LAWRENCE ROBERTSON, Relator

 

 

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 

 

 



M E M O R
A N D U M   O P I N I O N

            Relator Ted Lawrence Robertson filed a petition seeking writs
of mandamus and prohibition.  See Tex. Gov’t Code Ann. § 22.221 (Vernon
2004); see also Tex. R. App. P. 52.  Robertson asks that we prohibit the
respondent, the Honorable Bonnie Crane Hellums, presiding judge of the 247th District
Court of Harris County, from ruling on his petition for bill of review and
direct the respondent to transfer the petition to the 312th District Court.  We
deny the petition.

According to the petition, in 2001, the 312th
District Court entered a default judgment and protective order against Robertson. 
In 2004, a jury convicted Robertson of violation of the protective order by
threatening his ex-wife with imminent bodily injury and assessed punishment at twenty-five
years in prison, after finding two enhancements true.  The First Court affirmed
Robertson’s conviction.  See Robertson v. State, 175 S.W.3d 359 (Tex. App.—Houston
[1st Dist.] 2004, pet. ref'd).

Robertson complains that the respondent has not ruled
on his motion to transfer his petition for bill of review.  When a properly
filed motion is pending before the trial court, the act of giving consideration
to and ruling on that motion is a ministerial act, and mandamus may issue to
compel the trial court to act.  Safety-Kleen Corp. v. Garcia, 945 S.W.2d
268, 269 (Tex. App.—San Antonio 1997, orig. proceeding).  To establish that the
trial court abused its discretion by failing to rule, the relator must show
that the trial court: (1) had a legal duty to perform a nondiscretionary act;
(2) was asked to perform that act; and (3) failed or refused to do so.  In
re Shredder Co., L.L.C., 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig.
proceeding).  Specifically, a relator must show that the trial court received
the motion, was aware of it, and was asked to rule on the motion.  In re
Villarreal, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig.
proceeding).  

Robertson has not demonstrated that he is entitled to
extraordinary relief.  Robertson has not provided this court with a record
showing that the 247th District Court received the motion, was aware of it, was
asked to rule on it, and refused to rule.  Filing a document with the district
clerk does not mean the trial court is aware of it; nor is the clerk’s
knowledge imputed to the trial court.  In re Hearn, 137 S.W.3d 681, 685
(Tex. App.—San Antonio 2004, orig. proceeding); Villarreal, 96 S.W.3d at
710 n. 2.  Therefore, no abuse of discretion is shown.  See In re Chavez,
62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

Robertson is also not entitled to a writ of
prohibition.  A writ of prohibition is used to enforce our jurisdiction.  In
re Garza, 153 S.W.3d 97, 103 (Tex. App.—San Antonio 2004, orig.
proceeding).  The writ is typically used to protect the subject matter of an
appeal or to prohibit an unlawful interference with the enforcement of our
orders or judgments.  See Holloway v. Fifth Court of Appeals, 767 S.W.2d
680, 683 (Tex. 1989).  We have no pending appeal or judgment to protect from interference.


Accordingly, we deny relator’s petition for writs of mandamus
and prohibition.

 

                                                                        PER
CURIAM

 

Panel
consists of Chief Justice Hedges and Justices Yates and Sullivan.