Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


## MEMORANDUM OPINION

No. 04-11-00395-CR

**IN RE** Luther **HILLIARD**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Karen Angelini, Justice
                Phylis J. Speedlin, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:  July 13, 2011

PETITION FOR WRIT OF MANDAMUS AND PETITION FOR WRIT OF PROHIBITION DENIED

        On June 6, 2011, relator filed a petition entitled "petition for writ of mandamus and writ of prohibition." Relator complains the trial court failed to award him the correct amount of presentence jail time. Relator asserts he filed a nunc pro tunc in the trial court on March 29, 2011. However, in order to be entitled to mandamus relief, relator must establish that the trial court: (1) had a legal duty to perform a non-discretionary act; (2) was asked to perform the act; and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). When a properly filed motion is pending before a trial court, the act of giving consideration to and ruling upon that motion is ministerial, and mandamus may issue to

---

[1] This proceeding arises out of Cause No. 2010-CR-1403, styled *State of Texas v. Luther Hilliard*, in the 226th Judicial District Court, Bexar County, Texas, the Honorable Sid L. Harle presiding.

compel the trial judge to act. *See Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). However, mandamus will not issue unless the record indicates that a properly filed motion has awaited disposition for an unreasonable amount of time. *See id.* Relator has the burden of providing this court with a record sufficient to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.7(a) ("Relator must file with the petition [ ] a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"); *see also* TEX. R. APP. P. 52.3(k)(1)(A); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992).

Here, relator has not provided this court with a file stamped copy of his motion or any other documents to show that a properly filed motion is pending before the trial court and has been brought to the trial court's attention. Therefore, relator has failed to meet his burden. *See id.* Based on the foregoing, we conclude relator has not shown himself entitled to mandamus relief.

To the extent relator seeks relief by a petition for writ of prohibition, such relief is also denied. This court's authority to issue writs of prohibition is limited to those necessary to enforce our jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a) (West 2004); *In re Garza*, 153 S.W.3d 97, 103 (Tex. App.—San Antonio 2004, orig. proceeding). Relator has not established the writ he seeks is necessary to enforce this court's jurisdiction. Accordingly, relator's petition for writ of mandamus and writ of prohibition are DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

DO NOT PUBLISH