# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00062-CV

## In re William Wiese

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator William Wiese seeks a writ of mandamus compelling the trial court to vacate that portion of its January 15, 2015 temporary orders requiring Wiese to pay $25,000 in appellate attorney's fees to counsel for real party in interest Fadya AlBakry no later than February 2, 2015.[1] For the following reasons, we will conditionally grant relief.

Wiese and AlBakry were divorced in 2005, and the agreed final decree of divorce provided that the parties were appointed joint managing conservators of their two children. The decree also granted Wiese the exclusive right to determine the primary residence of the children and prohibited the parties from traveling internationally with the children without the written consent of the other party.

AlBakry subsequently filed suit seeking to modify the parent-child relationship and, on September 19, 2014, following an evidentiary hearing, the trial court modified the 2005 decree to allow both parties to travel internationally with the children. Wiese filed his notice of appeal,

---

[1] Upon Wiese's emergency motion, we temporarily stayed the trial court's temporary order pending further order of this Court. *See* Tex. R. App. P. 52.10.

seeking review of the trial court's final judgment modifying the 2005 decree.[2] AlBakry then filed a motion seeking periodic child support pending the appeal and for appellate attorney's fees under section 109.001 of the Texas Family Code. *See* Tex. Fam. Code § 109.001(a) (authorizing temporary orders during pendency of appeal). It is the trial court's ruling on this motion for temporary orders, granting AlBakry's request for appellate attorney's fees, that is the subject of this original proceeding.

## MANDAMUS STANDARD

A writ of mandamus will issue only to correct a clear abuse of discretion for which the relator lacks an adequate remedy by appeal. *See Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). In a suit affecting the parent-child relationship, a trial court may render temporary orders "necessary to preserve and protect the safety and welfare of the child during the pendency of the appeal," including an order that "require[s] payment of reasonable attorney's fees and expenses." Tex. Fam. Code § 109.001(a)(5). When a trial court's temporary orders under section 109.001 of the Family Code require the immediate payment of attorney's fees, review of the award "during the pending or imminent appeal does not provide an adequate appeal in conjunction with the final judgment of the case." *In re Jafarzadeh*, No. 05-14-01576-CV, 2015 WL 72693, at *1 (Tex. App.—Dallas Jan. 2, 2015, orig. proceeding) (mem. op.); *cf. Halleman v. Halleman*, 379 S.W.3d 443, 455 (Tex. App.—Fort Worth 2012, no pet.) (concluding that appellant could challenge appellate attorney's fees award in pending appeal from final judgment because order conditioned payment of fees upon opposing party's success on appeal). Accordingly, under these circumstances,

---

[2] The appeal of the trial court's final judgment in the modification proceeding is currently pending before this Court and has been assigned cause number 03-14-00799-CV.

mandamus relief is appropriate when it is shown that the trial court abused its discretion in ordering the award of attorney's fees pending appeal. *See In re Garza*, 153 S.W.3d 97, 100 (Tex. App.—San Antonio 2004, orig. proceeding).

A clear abuse of discretion occurs when the trial court's decision is so arbitrary and capricious that it amounts to clear error. *Walker*, 827 S.W.2d at 839. Because a trial court has no discretion in determining what the law is or applying the law to the facts of the case, the failure to analyze or apply the law correctly constitutes an abuse of discretion. *Id*. at 840. Further, legal- and factual-sufficiency challenges to the evidence are relevant factors in assessing whether the trial court abused its discretion. *In re Rogers*, 370 S.W.3d 443, 445 (Tex. App.—Austin 2012, orig. proceeding); *see Zeifman v. Michels*, 212 S.W.3d 582, 587 (Tex. App.—Austin 2006, pet. denied). In reviewing the evidence in the context of an abuse-of-discretion standard, we engage in a two-pronged inquiry: (1) whether the trial court had sufficient information on which to exercise its discretion; and if so, (2) whether the trial court erred in the application of discretion; that is, whether based on the evidence, the trial court made a decision that was neither arbitrary nor unreasonable. *Zeifman*, 212 S.W.3d at 588.

**DISCUSSION**

In support of his request for mandamus relief, Wiese argues that the trial court abused its discretion because AlBakry failed to present evidence establishing that the award of appellate attorney's fees was "necessary to preserve and protect the safety and welfare of the

child[ren] during the pendency of the appeal," as required by section 109.001 of the Family Code.[3] We agree.

As the party requesting temporary orders under section 109.001, AlBakry had the burden of demonstrating to the trial court that the requested attorney's fees were necessary to preserve and protect the safety and welfare of the children. *See In re Rogers*, 370 S.W.3d at 446 (noting that party seeking temporary order for appellate attorney's fees had burden of proof). At the hearing on her request for temporary orders, AlBakry did not present any evidence concerning the safety and welfare of the children. Instead, AlBakry's attorney presented argument that Wiese had significantly more financial resources than AlBakry, that the appeal would "divert her economic and lack of resources away from the children," and that her time invested in the appeal would affect her ability to earn income for the support of the children.

AlBakry points to evidence presented at the modification hearing that, according to her, demonstrates that the children will benefit from being able to travel internationally and, consequently, develop a relationship with her family that lives in Oman, AlBakry's country of birth and citizenship. AlBakry argues that "it will be enriching to the children to visit their heritage in Oman" and that the children have "a right to have a relationship with a part of their family that lives in Oman." AlBakry asserts that this right can only be preserved during the pendency of the appeal through the award of attorney's fees because she cannot otherwise afford to retain an attorney

---

[3] To the extent the issues in this mandamus proceeding turn on the construction of section 109.001, we review these questions de novo. *See State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). In construing statutes, our primary objective is to give effect to the legislature's intent, *id.*, and we rely "on the plain meaning of the text as expressing that intent unless a different meaning is supplied by definition or is apparent from the context, or the plain meaning leads to absurd results." *Texas Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010).

and, as a result, Wiese "will win by default."  According to AlBakry, this evidence concerning the benefits of international travel is sufficient to support the trial court's determination that the trial court's temporary orders requiring the payment of attorney's fees was "necessary to protect the safety and welfare of the children."

Although AlBakry has argued that there is a disparity in income between the parties, AlBakry did not present any evidence of this disparity at the hearing for temporary orders or present any specific evidence that would suggest that this disparity, in conjunction with her bearing the cost of her own appellate attorney's fees, would negatively affect the children during the pendency of the appeal.[4]  *See In re Rogers*, 370 S.W.3d at 447 (granting mandamus relief and concluding that real party in interest produced no evidence that award of interim attorney's fees was necessary "to protect the safety and welfare of the child" under analogous family code provision and noting that although real party in interest had testified that litigation was negatively impacting her financial resources, she failed to testify how her finances were affecting children).  Section 109.001 does not authorize a trial court to award appellate attorney's fees solely on the ground that there is a disparity in income between the parties.  *See* Tex. Fam. Code 109.001(a); *In re Rogers*, 370 S.W.3d at 445 (noting that standard of "safety and welfare of the child" under analogous family code provision "does not authorize a trial court to make temporary order for payment of attorney's fees 'for a purpose other than safety and welfare of the child'") (quoting *Saxton v. Daggett*, 864 S.W.2d 729, 736 (Tex.

---

[4] AlBakry also did not offer evidence regarding the alleged need for the children to travel at the hearing on the temporary orders nor did she ask the trial court to take judicial notice of the earlier hearings in this case.  *See* Tex. R. Evid. 201(c).  Nevertheless, we will assume without deciding that evidence was previously presented by AlBakry concerning her request for international travel and of the parties' relative income at the hearing on her petition for modification and that this evidence was properly before the trial court in ruling on AlBakry's motion for temporary orders.

5

App.—Houston [1st Dist.] 1993, no writ)); *In re Sartain*, No. 01–07-00920-CV, 2008 WL 920664, at *2 (Tex. App.—Houston [1st Dist.] Apr. 3, 2008, orig. proceeding) (mem. op.) (vacating award of interim attorney's fees under analogous family code provision, explaining that statute does not authorize award on ground that relator "was in a better position to pay the fees than real party in interest"). Therefore, the trial court abused its discretion to the extent its decision to award appellate attorney's fees was based on its determination that Wiese was in a better position financially to pay the fees.

In addition, assuming that evidence related to the underlying issues on appeal may, under certain circumstances, support an award of appellate attorney's fees under section 109.001, we conclude that there is no evidence that would support the trial court's award of appellate attorney's fees in this case. *See In re T.M.F.*, No. 09-10-00019-CV, 2010 WL 974577, at *2 (Tex. App.—Beaumont Mar. 18, 2010, orig. proceeding) (mem. op.) (per curiam) (reviewing trial court's award of interim attorney's fees under analogous family code provision and noting that underlying issues may relate to "the safety and welfare of the children"). Whether the trial court's decision to lift the travel restrictions in the 2005 divorce decree is in the best interest of the children is the primary issue in the underlying appeal of the trial court's judgment in the modification proceedings. AlBakry's argument that appellate attorney's fees are necessary to preserve the children's interest in traveling internationally is, in effect, an argument that the fees are generally necessary to "level the playing field" in defending the trial court's best-interest determination on this issue. *See Saxton*, 864 S.W.2d at 736 (rejecting argument that award of interim attorneys fees under analogous family code provision was necessary to "level the playing field" in suit). However, the children's best interest is not the operative standard under section 109.001; rather, the trial court

6

must consider only those matters that affect the "safety and welfare of the child[ren] during the pendency of the appeal." *See* Tex. Fam. Code § 109.001(a). AlBakry does not explain, and we do not see, how the ability of the children to travel internationally relates to their "safety and welfare."

## CONCLUSION

Based on the record before us, we conclude that AlBakry failed to present any evidence that would support a finding that an award of appellate attorney's fees was "necessary to preserve and protect the safety and welfare of the child[ren] during the pendency of the appeal." *See id*. As a result, the trial court abused its discretion in ordering Wiese to pay $25,000 in attorney's fees to AlBakry's attorney.[5] We conditionally grant the petition for writ of mandamus and direct the trial court to vacate its order compelling Wiese to pay appellate attorney's fees. The writ will issue only if the trial court fails to comply. We lift our stay as to all portions of the trial court's January 15 temporary orders other than that portion requiring the payment of appellate attorney's fees that is the subject of the mandamus relief conditionally granted.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Filed: May 8, 2015

_____

[5] Having determined that the trial court abused its discretion on this ground, we do not reach Wiese's alternative argument that the trial court abused its discretion by failing to condition its award of appellate attorney's fees on AlBakry's success on appeal or on the return of any attorney's fees not actually incurred by AlBakry on appeal.

7