

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00249-CV

**IN RE** James Brent **MANSFIELD**

Original Mandamus Proceeding[1]

Opinion by:     Patricia O. Alvarez, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Patricia O. Alvarez, Justice
                Irene Rios, Justice

Delivered and Filed: June 12, 2019

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

In this original proceeding, relator asserts the trial court abused its discretion by ordering him to pay the real party in interest $5,000 in appellate attorney's fees because, among other reasons, there is no evidence the fees are necessary to protect the child's safety and welfare during the pendency of relator's appeal. We agree and conditionally grant the petition.

## BACKGROUND

On July 16, 2015, relator and Kelly Rigsby, the real party in interest, obtained a divorce. The couple has one child together. The couple were appointed joint managing conservators of the child, with Kelly having the exclusive right to designate the child's primary residence. On February 13, 2018, relator filed an original counter-petition to modify in the SAPCR proceeding.

---

[1] This proceeding arises out of Cause No. 16-443CCL, styled *In the Interest of H.E.W.M., a Child*, pending in the 451st Judicial District Court, Kendall County, Texas, the Honorable Kirsten Cohoon presiding.

The trial court denied the motion and relator's subsequent appeal to this court was dismissed for lack of jurisdiction. *See In the Int. of H.E.W.M.*, 04-19-00029-CV, 2019 WL 1459559, at \*1 (Tex. App.—San Antonio Apr. 3, 2019, no pet.) (per curiam) (mem. op). Prior to this court's dismissal of the appeal, Kelly filed, in the trial court, a motion for temporary orders pending appeal in which she asked the trial court to enter an order pursuant to Texas Family Code section 109.001. Kelly did not specifically state the relief she sought.

The trial court commenced a hearing on February 14, 2019 to consider Kelly's motion. On March 27, 2019, the trial court signed an Order Regarding Possession, Access, and Support. A few days later, the trial court signed temporary orders pending appeal in which the trial court ordered relator to pay Kelly $5,000 "by 5:00 p.m. the day he files his Appellant's brief in any appeal by [relator] of the Order Regarding Possession, Access, and Support entered in this case." Relator filed a notice of appeal on April 4, 2019. Relator later filed this original proceeding and Kelly filed her response.

## STANDARD OF REVIEW

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). Mandamus will issue only to correct a clear abuse of discretion when there is no other adequate remedy at law. *Id.* "A trial court has no 'discretion' in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). Also, legal and factual sufficiency challenges to the evidence are relevant factors in assessing whether the trial court abused its discretion. *In re Rogers*, 370 S.W.3d 443, 445 (Tex. App.—Austin 2012, orig. proceeding). "Thus where, as here, an abuse-of-discretion standard applies, we must engage in a two-pronged inquiry, asking (1) whether the trial court had sufficient information

on which to exercise its discretion; and, if so, (2) whether the trial court erred in its application of discretion based on that information." *Id.*

Temporary orders, such as the one here, "are not subject to interlocutory appeal." TEX. FAM. CODE § 109.001(c). "A party may seek review of the trial court's temporary order under [section 109.001] by (1) petition for writ of mandamus; or (2) proper assignment in the party's brief." *Id.* § 109.001(b-5). When, as here, a trial court's temporary orders under section 109.001 require the immediate payment of attorney's fees, review of the award during a pending appeal does not provide an adequate remedy at law. *In re Jafarzadeh*, No. 05–14–01576–CV, 2015 WL 72693, at *1 (Tex. App.—Dallas Jan. 2, 2015, orig. proceeding) (mem. op.). Therefore, in this case, mandamus review is appropriate. *See id.*; *see also Rogers*, 370 S.W.3d at 445 ("Assuming a clear abuse of discretion in a temporary order in a suit affecting the parent-child relationship, mandamus may lie on the basis that there are no appellate remedies that are considered adequate."); *In re Garza*, 153 S.W.3d 97, 100 (Tex. App.—San Antonio 2004, orig. proceeding) ("Mandamus is an appropriate means to challenge temporary orders pending appeal."); *cf. Halleman v. Halleman*, 379 S.W.3d 443, 455 (Tex. App.—Fort Worth 2012, no pet.) (concluding appellant could challenge appellate attorney's fees award in pending appeal from final judgment because order conditioned payment of fees upon opposing party's success on appeal).

### TEMPORARY ORDERS FOR PAYMENT OF ATTORNEY'S FEES

In a SAPCR proceeding, "the court may make a temporary order, including the modification of a prior temporary order, for the safety and welfare of the child, including an order . . . for payment of reasonable attorney's fees and expenses." TEX. FAM. CODE § 105.001(a)(5). Also, in a SAPCR proceeding, "the court may make any order necessary to preserve and protect the safety and welfare of the child during the pendency of an appeal as the court may deem

necessary and equitable[, including] requir[ing] payment of reasonable and necessary attorney's fees and expenses . . . ." *Id.* § 109.001(a)(5).

Here, the trial court ordered relator to pay Kelly $5,000 for her appellate attorney's fees. Relator raises several challenges to the order: (1) there is no evidence the fees are necessary for the safety and welfare of the child during the pendency of his appeal; (2) the payment of fees to Kelly is not contingent on his unsuccessful appeal; and (3) the trial court did not order reimbursement from Kelly in the event relator's appeal is successful. Because it is dispositive, we consider only relator's first challenge to the temporary orders.

A trial court may order the payment of attorney's fees "for the safety and welfare of the child." *See id.* §§ 105.001(a)(5); 109.001(a)(5). Here, the trial court determined the "best interest" of the child required entry of the temporary order. The "children's best interest is not the operative standard under section 109.001; rather, the trial court must consider only those matters that affect the 'safety and welfare of the child during the pendency of the appeal.'" *In re Wiese*, 03-15-00062-CV, 2015 WL 4907030, at *3 (Tex. App.—Austin Aug. 12, 2015, orig. proceeding) (mem. op.). Neither section 105.001 nor section 109.001 authorizes a trial court to make a temporary order for payment of attorney's fees "for a purpose other than the safety and welfare of the child." *See id.* (section 109.001); *Rogers*, 370 S.W.3d at 445-46 (section 105.001(a)(5)); *Saxton v. Daggett*, 864 S.W.2d 729, 736 (Tex. App.—Houston [1st Dist.] 1993, orig. proceeding) (reviewing prior version of family code section 105.001(a)(5)). Therefore, the trial court applied the incorrect standard.

Even if the trial court applied the correct standard, the trial court was required to consider evidence in support of the child's safety and welfare. As the party seeking a temporary order for attorney's fees, Kelly had "the burden of showing that the requested temporary order—e.g., to pay attorney's fees—is necessary for the safety and welfare of the children." *Rogers*, 370 S.W.3d 443 at 446. For example, in *Garza*, the evidence showed that, under the terms of the divorce decree,

the party seeking the temporary orders had primary responsibility for the children and for the care and upkeep of and the debt on the children's principal home. 153 S.W.3d at 101. In *Marcus v. Smith*, 313 S.W.3d 408, 418 (Tex. App.—Houston [1st Dist.] 2009, no pet.), the evidence showed the party seeking the temporary orders had primary responsibility for the children and for the child's principal home; and she introduced evidence that she incurred approximately $22,000 in attorney's fees in the underlying suit, would incur at least $10,000 to defend an appeal, and had a "lack of funds" and "still owes [her attorney] money."

Here, the trial court did not hear testimony from any witness and no other evidence was introduced. Only the attorneys presented arguments. "Motions and arguments of counsel are not evidence." *McCain v. NME Hosps., Inc.*, 856 S.W.2d 751, 757 (Tex. App.—Dallas 1993, no writ); *see also In the Int. of A.E.*, 04-18-00731-CV, 2019 WL 286094, at *2 (Tex. App.—San Antonio Jan. 25, 2019, no pet.) (mem. op.) (noting, "statements made by the children's attorney ad litem during closing argument are not evidence"). Because the trial court heard no evidence relevant to whether the temporary orders were "necessary to preserve and protect the safety and welfare of the child during the pendency of" relator's appeal, the trial court abused its discretion by ordering relator to pay Kelly $5,000 in attorney's fees pending the appeal. *See* TEX. FAM. CODE § 109.001(a); *see In re Payne*, 03-17-00757-CV, 2018 WL 1630933, at *3 (Tex. App.—Austin Apr. 5, 2018, orig. proceeding) (mem. op.) (party requesting fees "failed to show that payment of the requested attorney's fees was *necessary* for the safety and welfare of the children"); *Wiese*, 2015 WL 4907030, at *2 ("Section 109.001 does not authorize a trial court to award appellate attorney's fees solely on the ground that there is a disparity in income between the parties."); *Rogers*, 370 S.W.3d at 447 ("there is simply no evidence in the record that supports the conclusion that an award of interim attorney's fees would have an effect on the safety and welfare of the

Rogers children"); *Saxton*, 864 S.W.2d at 736 (trial court improperly based its order "on an asserted need to facilitate further discovery, to 'level the playing field' in the suit").

### CONCLUSION

We conditionally grant relator's petition for writ of mandamus and direct the trial court to vacate its April 1, 2019 Order on Motion For Temporary Orders Pending Appeal. The writ will issue only in the event the trial court fails to comply within fifteen days from the date of this opinion.

Patricia O. Alvarez, Justice