

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-19-00899-CV

**IN RE** Corey Michael **MANSOUR**

Original Mandamus Proceeding[1]

Opinion by:  Patricia O. Alvarez, Justice

Sitting:  Sandee Bryan Marion, Chief Justice
Patricia O. Alvarez, Justice
Beth Watkins, Justice

Delivered and Filed: March 11, 2020

PETITION FOR WRIT OF MANDAMUS DENIED

The trial court awarded the real party in interest ("RPI") attorney's fees pending relator's appeal of an underlying final judgment in a suit to modify the parent-child relationship. Relator asserts the trial court abused its discretion by doing so because (1) the issue of whether the RPI is entitled to fees pending appeal has already been decided and is now barred by res judicata, or alternatively, (2) the trial court did not make the fees contingent on relator's unsuccessful appeal, and (3) the trial court did not order the fees reimbursed if relator's appeal was successful.

In an opinion dated February 5, 2020, we denied the petition for writ of mandamus because we concluded relator did not establish the trial court abused its discretion. On February 6, 2020, relator filed a motion for en banc reconsideration. To clarify our discussion on the issue of whether

---

[1] This proceeding arises out of Cause No. 2012-CI-13803, styled *In the Interest of C.B.M. and C.M.M., Children*, pending in the 131st Judicial District Court, Bexar County, Texas, the Honorable Angelica Jimenez presiding.

the RPI's request for attorney's fees on appeal is barred by res judicata, we vacate our earlier order, withdraw our earlier opinion, and issue this opinion and order in their place.

## BACKGROUND

The relator and RPI were divorced in 2013 and have been litigating various issues ever since. They are the parents of two minor children. Following hearings in February and June 2019, the Honorable Cathleen Stryker signed an "Order in Suit to Modify Parent-Child Relationship." During a later hearing before the respondent, the Honorable Angelica Jimenez, both parties appeared to agree Judge Stryker denied the RPI's request for attorney's fees pending an appeal. However, the order signed by Judge Stryker on July 31, 2019 merely states at the end: "all relief requested in this case and not expressly granted is denied." On November 7, 2019, relator filed a notice of appeal and the case is pending before this court in cause number 04-19-00789-CV.

The RPI then filed a motion for temporary orders, pursuant to Family Code section 109.001, asking that relator pay her "reasonable and necessary attorney's fees and expenses" pending the appeal. Relator filed a similar motion asking that the RPI pay for his fees and expenses pending appeal. Relator also filed a motion to dismiss the RPI's motion for temporary orders in which he raised the affirmative defense of res judicata.

On December 10, 2019, Judge Jimenez heard the motions. On December 20, 2019, Judge Jimenez signed the temporary orders at issue in this original proceeding, ordering relator to pay the RPI $15,000 in attorney's fees and expenses pending relator's appeal. The order directed relator to pay the RPI $7,500 by December 23, 2019 and $7,500 by January 23, 2020. Relator filed his petition for writ of mandamus on January 10, 2020.

## STANDARD OF REVIEW

Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion when there is no other adequate remedy at law. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d

619, 623 (Tex. 2007) (orig. proceeding). To satisfy the clear abuse of discretion standard, the relator must show "that the trial court could reasonably have reached only one decision." *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (orig. proceeding) (quoting *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ." *Walker*, 827 S.W.2d at 840.

Temporary orders, such as the one here, "are not subject to interlocutory appeal." TEX. FAM. CODE § 109.001(c). "A party may seek review of the trial court's temporary order under [section 109.001] by (1) petition for writ of mandamus; or (2) proper assignment in the party's brief." *Id.* § 109.001(b-5). "When, as here, a trial court's temporary orders under section 109.001 require the immediate payment of attorney's fees, review of the award during a pending appeal does not provide an adequate remedy at law." *In re Mansfield*, 04-19-00249-CV, 2019 WL 2439104, at *2 (Tex. App.—San Antonio June 12, 2019, orig. proceeding) (mem. op.). Therefore, because relator lacks an adequate remedy at law, we only consider whether relator established the trial court abused its discretion.

## RES JUDICATA

Relator first asserts the trial court abused its discretion by awarding the RPI fees and expenses pending appeal because that same request by the RPI was denied at the hearing before Judge Stryker. Therefore, according to relator, the issue of whether the RPI is entitled to fees and expenses is barred by res judicata. We conclude relator has not established his entitlement to mandamus relief under this argument.

"For res judicata to apply, there must be: (1) an earlier final judgment on the merits by a court of competent jurisdiction; (2) identity of the parties; and (3) a second action based on the

same claims that were raised or could have been raised in the first action." *In re Fuentes*, 530 S.W.3d 244, 249 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding). At issue in this original proceeding is whether relator established the first and third elements of res judicata.

There is no written denial or "clarification" of the RPI's request for attorney's fees; instead, the trial court's July 31, 2019 "Order in Suit to Modify Parent-Child Relationship" (the "July 2019 Order") merely states, "all relief requested in this case and not expressly granted is denied." The July 2019 Order states the trial court heard the case on February 27 and 28, 2019, and on June 2, 3, and 4, 2019. Relator provided this court with the transcript of the February 27, 2019 hearing before Judge Stryker, but he did not provide this court with a copy of the transcript from the hearings held on February 28 or on June 2, 3, and 4.

Prior to issuing the July 2019 Order, the trial court issued "rulings" that did not address appellate attorney's fees. After receiving the "rulings," the RPI filed a pleading entitled "Issues on Which Clarification and/or Reconsideration is Requested," in which the RPI stated the court's "rulings" did not address her request for appellate attorney's fees. The July 2019 Order also states "[o]n July 2, 2019, the Court heard the request for clarification of its ruling[s]." Relator did not provide this court with any transcript from the July 2 hearing at which the RPI's request for clarification was considered.

Furthermore, as discussed below, the RPI requested appellate attorney's fees pursuant to Family Code section 109.001, which allows an award of attorney's fees when "necessary to preserve and protect the safety and welfare of the child during the pendency of an appeal as the court may deem necessary and equitable." TEX. FAM. CODE § 109.001(a)(5). The issue of whether temporary orders awarding appellate attorney's fees were "necessary to preserve and protect the

safety and welfare of the child[ren] during the pendency of [relator's] appeal" was not litigated during the February and June 2019 hearings before Judge Stryker.[2]

The record before this court is insufficient to enable us to conclude Judge Jimenez could have reached only one decision on the issue of res judicata. Therefore, relator has not established Judge Jimenez abused her discretion by granting a claim relator contends is barred by res judicata.

ATTORNEY'S FEES & EXPENSES PENDING APPEAL

The RPI requested that she be awarded attorney's fees and costs pending relator's appeal of the underlying judgment. Judge Jimenez granted the RPI's request. Texas Family Code section 109.001 provides as follows:

> (a) In a suit affecting the parent-child relationship, on the motion of any party or on the court's own motion and after notice and hearing, the court may make any order necessary to preserve and protect the safety and welfare of the child during the pendency of an appeal as the court may deem necessary and equitable. In addition to other matters, an order may . . . require payment of reasonable and necessary attorney's fees and expenses . . . .

*Id.*

## A. Should the Fee Award be Conditioned on Relator's Appeal Being Unsuccessful?

Relator asserts that, if the trial court did not err by awarding the RPI her fees and expenses pending his appeal, then the trial court should have made the award conditioned on his unsuccessful appeal.

Most of the cases relied upon by relator to support his argument either are not section 109.001 cases, are cases in which the award was conditional, or are cases in which the appellant/relator was not required to immediately pay the fees. The only San Antonio case that touches on this issue is *In re Garza*, 153 S.W.3d 97, 100 (Tex. App.—San Antonio 2004, orig.

---

[2] In any event, the remedies in section 109.001 "are cumulative of all other remedies allowed by law." TEX. FAM. CODE § 109.001(e).

proceeding), in which the trial court ordered the RPI to deposit the payments he owed relator for her equity interest in their homestead into the registry of the court "until the appeal is resolved and disposition of the funds on deposit is determined by final judgment," and awarded the RPI appellate attorney's fees from the funds deposited into the court's registry if relator's appeal was unsuccessful. One of relator's complaints was that the trial court did not have authority to award the RPI appellate fees and doing so penalized relator for appealing. Because the award was conditional, the *Garza* court was not faced with and did not discuss the same issue we have in this proceeding. The only mention of a conditional award in the opinion is as follows:

> Under these circumstances, we hold the trial court could reasonably conclude that it would be equitable to order [relator] to pay [the RPI's] appellate attorney's fees in the event her appeal is unsuccessful. And, because the award of appellate attorney's fees is contingent on [relator] being unsuccessful in her appeal, the award does not "penalize [relator] for taking a successful appeal."

*Id.* at 101 (citation omitted).

Because the *Garza* opinion did not address whether section 109.001 fees *must be* conditional, the opinion does not provide guidance on the issue presented in this original proceeding. However, we find guidance in *In re Jafarzadeh*, 05-14-01576-CV, 2015 WL 72693 (Tex. App.—Dallas Jan. 2, 2015, orig. proceeding) (mem. op.), which discusses the issue under facts similar to ours.[3]

The *Jafarzadeh* court first noted that "[o]rdinarily when a trial court awards appellate attorney's fees, it must condition the award of fees on a successful appeal." *Id.* at *2. "The requirement that such awards must be conditioned arises because a court may not penalize a party for taking a successful appeal." *Id.* "In those sorts of cases an unconditional award of attorney's

---

[3] In our case, relator is required to immediately pay the RPI fees and those fees are not conditioned on relator's appeal being unsuccessful. Similarly, in *Jafarzadeh*, the order did not condition the award of fees on an unsuccessful appeal and required immediate compliance. 2015 WL 72693, at *1.

fees can impose a monetary penalty on a party's ability to exercise its legal rights that acts as a chilling effect on the exercise of the legal right to appeal." *Id.*

But the court then held that "[t]he chilling effect rationale does not apply in the same fashion to appellate attorney's fees awarded under section 109.001(a)(5) of the Texas Family Code pursuant to the trial court's authority to render temporary orders pending appeal in a suit affecting the parent-child relationship . . . ." *Id.* The court reasoned the "chilling effect rationale" does not apply because fees awarded under section 109.001(a)(5) are "not based on a punitive rationale or a damages rationale, but rather on the rationale that the award of attorney's fees is in the best interest of the child." *Id.* "In suits affecting the parent-child relationship in which attorney's fees are awarded pending appeal, deferring the fee award until resolution of the appeal is impractical because it defeats the purpose of the fee award, which is to provide the resources necessary to allow the appeal to be prosecuted by the appellee." *Id.* "Because both parents are responsible for providing for the child's needs, attorney's fees rendered in the prosecution or defense of a suit affecting the parent-child relationship may appropriately be imposed on either parent." *Id.*

The court concluded, "[j]ust as failing to condition the award of fees in an ordinary case may chill the ability of the non-prevailing party to exercise its right to appeal, conditioning the award of fees in a suit affecting the parent-child relationship may defeat the ability of the parent who prevails in the trial court to defend the order being appealed as one that is in the best interest of the child. In family law cases the best interest of the child is the guiding principle." *Id.* The court denied the petition because the record did not include any evidence suggesting the temporary order pending appeal was not in the children's best interest "or that the amount ordered by the trial court was an effort to 'set a price' on appeal to discourage resort to appeal." *Id.* at *3.

The essence of relator's argument here is that, if the RPI is entitled to attorney's fees, then she should not be awarded those fees until after his appeal is resolved in her favor. We disagree.

We acknowledge that in most cases when fees are awarded on appeal, those fees are not paid, if at all, until the appeal is finally resolved. The purpose of this general rule is to avoid penalizing a party for pursuing a meritorious appeal. *See Crescendo Invs., Inc. v. Brice*, 61 S.W.3d 465, 480 (Tex. App.—San Antonio 2001, pet. denied) ("a trial court may not penalize a *successful* appeal through the unconditional award of attorney's fees"). However, the purpose of an award of appellate fees under section 109.001 in a case affecting the parent-child relationship is "to preserve and protect the safety and welfare of the child during the pendency of an appeal as the court may deem necessary and equitable." TEX. FAM. CODE § 109.001(a)(5); *see In re Reardon*, 514 S.W.3d 919, 924 (Tex. App.—Fort Worth 2017, orig. proceeding) ("Section 109.001 orders are restricted only by time, because they are temporary orders for the duration of the appeal; by purpose, because they must be necessary to ensure the safety and welfare of a child during that period of time; and by equity."); *In re Gonzalez*, 981 S.W.2d 313, 314 (Tex. App.—San Antonio 1998, pet. denied) ("Section 109.001 . . . anticipates the need to protect the safety and welfare of a minor child during the pendency of an appeal."). As the *Jafarzadeh* court noted, "conditioning the award of fees in a suit affecting the parent-child relationship may defeat the ability of the parent who prevails in the trial court to defend the order being appealed as one that is in the best interest of the child." 2015 WL 72693, at *2.

Relator did not challenge whether the appellate fees awarded to the RPI were necessary to preserve and protect the safety and welfare of his children during the pendency of his appeal.[4]

---

[4] In his motion for en banc reconsideration, relator asserts there are no cases that impose a requirement that he "must challenge whether the attorney [sic] fees pending appeal were necessary to preserve and protect the safety and welfare of his children, before challenging whether awarding of attorney [sic] fees [on] appeal should be conditional." Whether an award of appellate attorney's fees pursuant to section 109.001 is necessary to preserve and protect a child's safety and welfare is a factor the trial court is statutorily required to consider. *See* TEX. FAM. CODE § 109.001(a) ("the court may make any order necessary to preserve and protect the safety and welfare of the child during the pendency of an appeal"). Therefore, it was incumbent upon relator to challenge that factor at the December 10, 2019, hearing before Judge Jimenez. In his motion for reconsideration, relator concedes evidence was presented in support of this factor.

Because an unconditional award provides the defending party with the financial resources to file an appellee's brief without subjecting the children to any financial hardship, we conclude relator has not established Judge Jimenez abused her discretion by awarding the RPI immediate unconditional attorney's fees pending relator's appeal pursuant to Family Code section 109.001.

**B.** **Should the RPI Reimburse Relator if His Appeal is Successful?**

Finally, relator asserts the trial court abused its discretion by failing to include a provision in its order requiring the RPI to repay relator if his appeal is successful.[5]  Relator cites to no authority for this argument.  TEX. R. APP. P. 52.3(h) ("The petition must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record.").  Because this argument is inadequately briefed, we will not consider it.

**CONCLUSION**

For the reasons stated above, we deny relator's petition for writ of mandamus.

Patricia O. Alvarez, Justice

---

[5] Relator concedes the RPI is unlikely to be able to reimburse him for any fees he must pay that are not conditioned on his successful appeal.